## SMITHS *v.* DUBUQUE COUNTY.

A failure to raise the question of jurisdiction, cannot confer upon the county courts power to hear and determine a subject matter, which they are not authorized to try.

Consent cannot confer jurisdiction.

The county courts possess no jurisdiction to entertain and determine a claim for damages in consequence of the establishment of a road, after the time of final action establishing the road.

Where a claim for damages, in consequence of the establishment of a road, is not made within thirty days after the appointment of the day fixed for final action on the application for such road, but *is* made before the road is finally established, unless a sufficient excuse for not filing such claim within the thirty days, is shown by affidavit, the county court should dismiss the application.

Where at a January term of a county court, the day for final hearing on the application of a road, was fixed for the ensuing March term; and where it was claimed, in an application for damages in consequence of the establishment of the road, made after the road was finally established, that but fifty-six, instead of sixty, days intervened between the January and March terms of said county court; *Held*, That if the county court proceeded irregularly in establishing the road, the irregularity should have been corrected in a direct application for that purpose, and could not be inquired into on an application to be let in to claim damages.

And where an application to the county court, to open up the proceedings establishing a road, so far as to allow the applicant to file a claim for damages, made after the road was finally established, did not show any excuse, under oath, for not making the application within the time required by law, and the application was dismissed by the county court; and where in the District Court, on appeal, the question was first raised as to the jurisdiction of the county court, and the District Court dismissed the appeal, on the ground that the county court had no power to entertain the application; *Held*, That the decision of the District Court was correct.

*Appeal from the Dubuque District Court.*

THOMAS MCCRANEY petitioned the county court of Dubuque county, at the October term, 1851, for a road, called the Eagle Point Road, which passed over the lands of the Smiths, taking about one-fourth of a half block of lots. The matter was continued to the November term, at which time an entry was made therein, showing that it came on to

be heard, " *and it appearing to the satisfaction of the court, that all the prerequisites have been attended to*," a commissioner was appointed to view and locate the road, and make report to the court.    At the December term, no report having been filed, the matter was continued until the January term, 1852, when a report was filed and read, and time of final hearing was set for the first Monday in March follow- ing.   It is claimed that full sixty days did not intervene between the January and March terms.    At the March term, no application for damage having been filed, it was ordered by the court, that the same be declared a county road, as surveyed by the commissioner, and that the same should be platted and recorded; and that an order issue to the supervisor to open the same according to law—the record of which was made, as appears by the record before the court.   On the 16th June following, the appellants, Smiths, filed in the county court a petition to open up the proceedings, so far as to allow them to file an application for damage, that commissioners be appointed to appraise the same, and they be allowed.   This petition sets forth a want of notice of the proceedings laying out the road.   It is not sworn to, nor is there any affidavit in support of it.   Notice was given to McCraney, the petitioner, for the road.   A hearing of the application was had, on which McCraney was allowed to testify, against the objection of the applicants, to the effect that a road had been located over the same ground a long time previous, and that the county commissioners had paid a former proprietor of the land, fifty dollars dam- age on account of it, whereupon the court ordered a re- location of the road, sworn to by McCraney, and dismissed the application.

This application to open up the proceedings, was appealed to the District Court, and by that court dismissed.   From this action of the District Court, an appeal to this court is now taken.   It is assigned for error that the county court erred in the admission of the testimony of McCraney; the fixing a day for final action on the road within sixty days; and

the accepting a report which showed no damages. And for error of the District Court, in substance, the dismissing the application.

*Smith, McKinlay & Poor*, for the appellants.

*L. A. Thomas*, for the appellee.

ISBELL, J. (WRIGHT, C. J. dissenting).—Did the District Court err, in dismissing this application? It is apparent that the ground of the dismissal was, that the county court was not authorized to entertain the application, coming at the time and in the manner it did before that court. It is insisted here, that no question having been made before the county court, as to its authority to entertain the application, that the objection came too late for the first time in the District Court, and therefore should have been disregarded. Whether this is, or is not so, depends upon the question, whether the county court had or had not *jurisdiction* over the subject matter of the application, at the time and in the manner it came before it. For if it had such jurisdiction, any objection as to the regularity of the proceeding, merely, not made before that court, should be regarded by the District Court as waived. But no failure to object, could confer upon the court, a power to hear and determine a subject matter which it was not authorized to try. In other words, consent could not confer such jurisdiction.

The only authority given to the county court to entertain applications for damage, on account of the laying out of roads, is contained in section 536 of the Code, which provides that within thirty days after the appointment of the day (that is, the day for final action on the matter), all claims for damage in consequence of the establishment of the road, must be made, if at all; but where a sufficient excuse for not filing such claim within the time aforesaid, is shown by affidavit, the claim may be considered, if made at any time before final action upon the road; and the time for such final action may thereupon be postponed to a future day, if

necessary. This gives full power to entertain such application at any time within thirty days, and also, under certain restrictions, after the expiration of thirty days and before final action. But we think it clearly denies that power, after final action establishing the road. Without the authority of this statute, the county court could not entertain an application of this kind at all. And when it says, where a sufficient excuse for not filing the claim within the time aforesaid, is shown by affidavit, the claim *may be considered*, if made at any time *before final action*, it constructively says, that it shall not be considered, if made *after* the time for final action. If that court may entertain such application three months after the final action establishing the road, we see no reason why it may not three years, or any other time after. Many good reasons, we apprehend, might be given why the time for making such application should be limited to the time of the establishing of the road; but it is unnecessary to dwell upon them, as we do not think the statute ambiguous.

But again: the statute requires, if an application is made after thirty days from the time of fixing upon a time for final action, that an affidavit, showing excuse for not having filed the same within thirty days, shall be filed. No such affidavit was filed in this case. Although we would entertain doubts whether this were *essential* to jurisdiction, after thirty days, and before final action, yet, we would say, that the want of such affidavit, should have alone induced the county court to refuse to take notice of the application. We conclude that the county court had no jurisdiction to consider the claim, after the time of final action establishing the road.

But it claimed, that but fifty-six days intervened between the January and March terms, and the statute providing that a day must be appointed not less than sixty days distant, the establishment of the road was void, and that an establishment of the road not having yet been made, the application is in time. The record shows that the day for final hearing, was fixed at the January term, and that the hearing was had at the March term, but how many

days intervened, we are not able to tell by the record. But we do not, however, regard this material in the adjudication of the question before us. If the court proceeded irregularly, in establishing the road, the irregularity should have been corrected by a direct proceeding to that end, and not on this application to be let in to claim damage. If the applicants had moved for damage within the sixty days from the time of fixing the day for final hearing, the argument would come with more force. If we are correct in the view we have taken of the question of jurisdiction, this taking precedence of all other questions, it becomes necessary to consider the other points made in the case.

The judgment of the District Court is affirmed.

WRIGHT, C. J. (dissenting).—That the county court erred in dismissing the application for damages, on the testimony of McCraney, can scarcely admit of a doubt. Without reaching that point, however, the case is decided on another ground, by the opinion of the majority of the court, in which I cannot concur.

I agree, that the county court was not bound to receive the application, or adjudicate the petitioner's claim to damages, at the time it was presented. But I cannot think, that it therefore follows, that it might not be heard. The subject matter, it cannot be denied, came properly within the jurisdiction of that tribunal. Those claiming damages, and those petitioning for the road, and who resisted the assessment of the damages, appeared before the court, and submitted such claim for hearing, and thus jurisdiction was obtained over the persons of the parties, as well as the subject matter. Under such circumstances, it may have been exceedingly impolitic to hear the application at so late a day. But no objection being made, and the cause being heard, I do not think the jurisdiction could be questioned, for the first time in the appellate court. Had objection been made, or had the county court, on its own motion, refused to entertain the application, the District Court could properly have reviewed the question, and held that the application was too late.

But as the record stands, I do not think that the question, whether consent can confer jurisdiction, arises, any more than if the parties had voluntarily appeared before a justice, and by consent, had a judgment by default or otherwise, set aside, and there re-adjudicated the matters involved or settled by such judgment. For this was virtually a contest between those petitioning for the road and those claiming damages. The road being less than three miles in length, if damages were awarded, they were to be paid by those asking the road (Code, §§ 522, 546); and from the order of the court, either party could appeal. See *Ball et al.* v. *Humphreys et al.*

But, again, suppose that on this application, presented at the time and in the manner shown, the county court had, upon the report of appraisers awarding damages, ordered by proper record entry, that the road should be established, provided the petitioners therefor should pay such assessed damages, and in pursuance thereof, the road had been opened, and used as a public highway, but the sum assessed not being paid, suit should be brought against the petitioners, or on their bond provided for in section 522. Could they plead successfully, that the county court had no jurisdiction, and thus defeat the action? I think clearly not. The action in assessing the damages might have been irregular, but certainly not void. And in my view, the answer must be the same in the appellate court, where no objection was made before the inferior tribunal. There is such a thing as waiving defects and irregularities, both as to the time and manner of procedure, so as to preclude after objection, and, I think, this is one of those cases.

The objection that if the county court could hear this application three months after the establishment of the road, so it could three years, or any time thereafter, I think, has much force as an argument addressed to the county court; but I do not admit its force or pertinency in the appellate court, after such adjudication has been had without objection.