Dicks v. Hatch.

---

DICKS V. HATCH.

1. FORCIBLE ENTRY AND DETAINER: JURISDICTION. The District Court has appellate jurisdiction only of causes arising under section 2362 Code of 1851.

2. SAME. Where the cause of action under said section as presented in the petition in the justice's court is forcible entry alone, upon which an issue is joined, and tried, the plaintiff cannot amend his petition in the District Court by additional allegations of forcible detainer.

3. CODE CONSTRUED. Section 2362, Code of 1851, fully considered and construed.

4. JURISDICTION. The acts of the parties can confer upon the District Court no authority to hear and determine a subject matter of which the law gives it no jurisdiction.

*Appeal from Polk District Court.*

SATURDAY, APRIL 14.

THE following state of facts is presented in this case: Proceedings were commenced by plaintiff before a justice of the peace under the first clause of section 2362 of the Code. The plaintiff filed his petition, claiming the immediate possession of a certain store room owned by plaintiff and occupied by defendant, situated upon second street in the city of Des Moines, alleging that defendant wrongfully and forcibly entered the same. Plaintiff alleged in his petition that on the 8th day of February, 1855, he leased said room to one John Clossen, that the lease was in writing, and con-

tained certain stipulations in relation to the payment of the rent, and the purposes for which the same was rented; that it should be occupied as a dry goods store, and for no other purpose; that it should not be used for the sale of intoxicating liquors, and providing further that the same care should be exercised over said premises as was required in a certain policy of insurance which plaintiff had upon said building; and in case any of the stipulations in said lease were violated, the plaintiff had a right to declare the same expired, and enter into possession of said leased property. The petition states that the stipulations in said case were violated; that defendant as assignee of said lessee, took possession of said premises, with full notice that said lease was forfeited, *forcibly and against plaintiff's will.* The defendant denied the forcible entry, and upon this issue there was a trial by jury, verdict for plaintiff, and the defendant ejected; from which judgment defendant appealed to the District Court. Upon the trial of the appeal, the plaintiff filed in the District Court an amended petition in which he set forth all that was contained in the petition before the justice, as well as other new and important matter. Among other things, that the store room in controversy was leased, or the possession thereof transferred by lessee to Cory & Chaffee, and by them to Rawson & Son, and by them to the defendant, who was then holding by virtue of such assignment. Said amended petition set forth more fully the stipulations of the lease, and the breaches therof by those holding under Clossen, and claimed *that the defendant held "possession thereof contrary to and in violation of the terms of the lease, wrongfully,"* and prays judgment, &c., &c.

Defendant moved to strike the amended petition from the files, for the reason that the issues were completed before the justice and the jury sworn to try the issue as then made, and that plaintiff had set up in his amended petition an entire new cause of action; which motion was overruled, and the amended petition allowed to remain on file, upon plaintiff paying all the costs that had then accrued. Upon such rul-

ing the defendant filed an answer denying the material allegations of the amended petition; and also claiming that if any cause of detainer has accrued to plaintiff, the same had accrued more than thirty days before the commencement of the suit; and set forth the statute of limitations as a bar to the proceedings of plaintiff in this cause.

Upon the issues thus presented the cause was submitted to a jury. Verdict for defendant. The plaintiff filed a motion for a new trial, for the reason that the court had refused to admit certain evidence introduced by plaintiff to show a violation of the lease, and for giving certain instructions asked by defendant, and refusing certain instructions asked by plaintiff, which motion was overruled, and plaintff appeals.

*Casady & Crocker* for the appellant.

*C. C. Cole* for the appellee.

BALDWIN, J.—This case is argued by appellant's counsel upon errors which relate solely to the matters set up in the amended petition, which matters were put in issue for the first time in the District Court; while the appellee claims that the District Court had no jurisdiction whatever over the matter to which said alleged errors have reference; which latter position if correct will decide the case.

Section 2362 evidently contemplates that a summary proceeding may be instituted before a justice of the peace for the purpose of determining the rights of occupants to real estate; and under a certain state of facts found against the defendant, he may be removed from the premises, under the first clause of said section. When the defendant has by force or intimidation, or fraud, or stealth, entered "upon the prior actual possession of another in regard to real property, and detains the same, process may be issued at once without any previous notice to quit the premises; and if the defendant is found guilty he may be removed; but under the second and third clauses of said section, three days notice to quit

Dicks v. Hatch.

must be given to defendant in writing, before process can issue. The first clause contemplates that the defendant obtained possession by force, fraud, &c., while the second and third, contemplate that the defendant originally went into possession in a lawful manner, but wrongfully detains possession thereof. A cause of action may accrue under the first clause for forcible entry and detainer; and it may accrue under the second and third clauses for a wrongful or unlawful detainer. Under the first clause the plaintiff must allege and prove the force, or intimidation or fraud, or some of the causes therein set forth, while under the latter he need not.

This case was evidently commenced under the first clause, and no notice to quit was required, nor is there any evidence in the record that any such notice was served on the defendant. Issue was joined upon the allegations in the petition; the cause was tried upon those issues, and a verdict returned for the plaintiff. After the appeal was taken and the case was pending in the District Court, the plaintiff filed his petition amendatory to the one filed before the justice, setting up the lease and the breaches and violations thereof, and averring that the defendant was in possession and detained the same from the possession of the plaintiff contrary to, and in violation of, the terms of the same. This case evidently, if prosecuted at all, must be prosecuted under the second and third clauses of said section, under which the defendant would be entitled to three days notice to remove from the premises before the commencement of the suit, or before he could in any manner be put to costs. See Code, section 2365. By overruling defendant's motion to strike the amended petition from the files and permitting another and different issue to be made than was made before the justice, a different cause of action was set up, which arises under another clause of the Code. The assignment of errors has reference only to the new issue thus made. The testimony offered by plaintiff and rejected by the court, which is assigned, was in reference to the violation of the terms of the lease, and the instructions

given and refused were all based upon the new issue presented by the amended petition. If the court had no jurisdiction of that portion of the case as presented by the amended petition, this court will not disturb the verdict.

The justice alone had original jurisdiction in this summary proceeding, and the District Court can obtain jurisdiction in no other way then by appeal. The case then, of course, must be tried in the District Court, upon the same issues upon which it was tried in the justice's court. If it is tried otherwise, that is, if the issue is materially changed by amendments, and thus tried, the District Court assumes to itself jurisdiction which it has not in this class of cases. It may be considered that the District Court is a court of general jurisdiction, and its acts are presumed to be correct, but whilst this is true, the doctrine holds good, that when the records show that the court had no jurisdiction over either the person or the subject matter, the judgment is void and may be impeached either collaterally or in any other manner in which the question may arise. In this case the court had no jurisdiction of the subject matter to which the bill of exceptions and the errors assigned have reference.

It may be considered that the defendant acknowledged the jurisdiction of the court by filing his answer to the amended petition. In reply, we would say that where the law does not confer jurisdiction upon the court, no acts of the parties can confer it. 1 Iowa 492.

This case is not like an ordinary case of debt or assumpsit, wherein the justice of the peace and the appellate court have original jurisdiction, and although we should deplore the practice in these cases of allowing different issues to be made in the appellate court, yet it would be much more consistent than in the case at bar, in which the District Court has only appellate jurisdiction.

The court need not intimate an opinion on the assignment of errors, or what that opinion might be in case the issue was upon the amended petition.

Judgment affirmed.