## O'HAGEN v. O'HAGEN.

1. JURISDICTION. The District Court may hear a cause and render a decree therein in vacation, the parties consenting thereto: following *Townsley* v. *Morehead*, 9 Iowa, 565; *Hattenback* v. *Hoskins*, 12 Id., 109.

2. SAME. In a cause pending in Franklin County, the following entry was made of record: " By agreement of counsel this cause is to be heard at Chambers, and is set for hearing at the town of Iowa Falls, in Hardin County, on the 23d day of August (Friday), A. D. 1861, and decree to be entered as of this term." It was held, that after an appearance by the parties, and hearing and decree, the respondent was estopped from denying the jurisdiction of the Court.

*Appeal from Franklin District Court.*

THURSDAY, DECEMBER 11.

DIVORCE. The cause was pending in the District Court of Franklin County, and was heard by agreement of parties in Hardin County. The Court decreed a divorce, and gave to the complainant, as alimony, all the real estate held in fee by the husband. The respondent appeals and complains : 1st. Of the hearing and rendering a decree in Hardin county; 2d. Of that portion of the decree which gives to complainant the title in fee simple to all of respondent's real estate.

*Henderson & Boardman* for the appellant.

1. The judicial power is vested in the Supreme and District Courts, and such other Courts as the General Assembly shall establish. Const., Art. 5, Sec. 1.

2. The District Court shall be a Court of law and equity. Const., Art. 5, Sec. 6.

3. Consent cannot confer jurisdiction. This is well settled. It has been held by this Court that a judgment entered before a judge selected by the parties in term with all the pariphernalia of the Court, is erroneous. *Winchester* v. *Ayres*, 4 G. Greene, 104 ; *Petty* v. *Durall*, 4 Id., 120 ; *Michales* v. *Hine*, 3 Id., 470 ; *Wright* v. *Boon*, 2 Id., 458 ; *Smith* v. *Frisbie*, 7 Iowa, 486.

4. If the parties had not agreed to try at Iowa Falls, before the judge, could he have taken jurisdiction of the

cause and tried it there? Or, could the order for such trial have been made without consent of parties? If not, he had not jurisdiction to try it with such consent.

5. The statute confers certain powers upon the judge, as such, among which. are to grant writs of injunction, and make certain interlocutory orders. But it nowhere authorizes him to hear and finally determine, and enter a final decree in a Chancery cause upon a regular trial in vacation. He can no more try a Chancery than a law cause in vacation.

6. The Court abused its discretion in giving the complainant as alimony all the property possessed by respondent.

*Henry C. Huff* and *C. C. Cole* for the appellee.

*First.* The parties in open Court and upon the record agreed to submit the cause to be determined in vacation, and decree to be entered as of the June Term: this was a waiver of time and place of trial, and an estoppel to any objection thereto. Bouv. Law. Dic., "Estoppel," 1–7 ; *Davidson* v. *Wheeler*, Morris, 238.

*Second.* While it is true as a legal proposition that consent cannot confer jurisdiction, yet where the Court has jurisdiction of the subject matter, every pre-requisite to the exercise of such jurisdiction, may be waived by consent. *Davidson* v. *Wheeler*, Morris, 238 ; *Chapman* v. *Morgan et al.*, 2 G. Greene, 374; *Smiths* v. *Dubuque County*, 1 Iowa, 492.

*Third.* Upon the basis of the allegations in the plaintiff's petition, the decree for alimony is no more than just and proper, and it will be presumed that the evidence was such as to authorize the decree. *Ourts* v. *Scoles & Turner*, 1 Iowa, 471 ; *Campbell* v. *Ayres*, 6 Id., 339 ; *Humphreys* v. *Darlington*, 3 G. Greene, 588.

BALDWIN, C. J.— Bill for a divorce.  At the June Term, 1861, of the Franklin District Court, after the pleadings were filed, an agreement was entered of record which reads as follows, viz.: " By agreement of counsel, this cause is to be heard at Chambers, and is set for hearing at the town of Iowa Falls, in Hardin County, on Friday, the 23d day of August, A. D. 1861, and decree to be entered as of this term."  The cause was heard at the time and place designated, both parties appearing; proof was taken, the cause was argued, and a decree in favor of complainant was rendered, and entered of record in pursuance of the terms of the stipulation of the parties.

The main point of controversy is in reference to the action of the Court in hearing and determining the cause at Iowa Falls, a place outside of the county in which the cause was pending.  It is claimed that the Court had no jurisdiction to hear and try the cause as it did, and that even the consent of the parties could not confer this power.  There can be no question as to the authority of the Court to hear the cause and render the decree in vacation, the parties consenting thereto.  See Code of 1851, §§ 1821 and 1822 ; *Townsley* v. *Morehead*, 9 Iowa, 565; *Huttenback* v. *Hoskins*, 12 Id., 109.

The statute requires the Court to be held at the place designated by law, unless by common consent some other place is fixed upon.  See Revision of 1860, § 2687.  The Court has the power under this statute to change its place of sitting by common consent.  If such consent is given, the question of jurisdiction is waived.  The Court, without doubt, when it made this order, had jurisdiction over the parties and the subject matter in controversy.  The parties assented to the order to hear at Iowa Falls, and appeared at the hearing, without interposing any objection to the right of the Court, or the Judge to act in the premises.  We think the defendant upon principle, is estopped

from taking advantage of an express agreement entered into and made a matter of record, or denying the power of the Judge to hear the cause after he had appeared and made no objection to its action. Again, we think upon authority, that the doctrine that "consent cannot give jurisdiction" is not applicable to this case. "It applies," says MASON, Chief Justice, in the case of *Davidson* v. *Wheeler*, Morris, 238, "to a case where the Court has no jurisdiction over the subject matter, as if a justice of the peace were to try a man for murder. The consent of the accused could never render the sentence legal." So in *Smiths* v. *Dubuque County*, 1 Iowa, 492, it was held that where the Court had jurisdiction over the subject matter in controversy, any objection as to the regularity of the proceedings merely, not made before the Court trying the cause, should be regarded as waived. Defects and irregularities both as to time and manner may be waived so as to preclude after objections by the silence of the party, even in the absence of his open consent or written agreement. The Court in this instance had jurisdiction over the subject matter, and the hearing of the cause out of term time, or at a place not designated for holding said Court, was at most nothing more than an irregularity in its proceeding, which was waived by the agreement and consent of the parties. The decree was entered up in Franklin County, where in contemplation of law the Court was then in session.

It is insisted by the appellant that the Court erred in its allowance of alimony. While it is true that it does not appear affirmatively that the evidence embodied in the record is all that was introduced, and upon which the Court based its decree, yet it does appear both from the bill and answer that the Court decreed to the complainant all of the real estate owned by the respondent. The bill and answer present both parties in a very unfavorable light before the Court, and the evidence introduced in the

record is not very well calculated to assist the Court in determining which is the innocent or which the injured party. Granting, however, that there was other evidence offered which justified the divorce, we are inclined to think there was error in the decree for alimony in giving all the real estate to the complainant. The decree is, therefore, so modified as to give to the wife the forty acres of land upon which the improvements were located; that is, the S. E. ¼ of the S. W. ¼ of section 22, township 90, range 22 west, and the improvements thereon.

In other respects the judgment is affirmed.