## ROLAND v. BROCK.

1. **Demurrer:** WAIVER: JURISDICTIONAL QUESTION: PRACTICE. The right to object to an erroneous ruling in sustaining a demurrer to a petition, is waived by pleading over. But where the question raised is a jurisdictional one, relating to the subject-matter, this rule does not preclude the party pleading over from again raising it on appeal to the supreme court.

2. —— But an alleged error of the court in deciding as to whether a certain fact exists, which, if true, would oust the court of jurisdiction, or is alleged in the pleading demurred to, must be saved and shown of record, the same as any other question.

*Appeal from Madison District Court.*

WEDNESDAY, JULY 27.

ACTION of replevin for a stock of goods. The petition contained the usual averments of description of the property, its value, the facts constituting plaintiff's right of absolute ownership and present possession, and that it had not been taken under execution, attachment, or order, or judgment against plaintiff or his property. In stating the alleged cause of detention, according to his belief, the plaintiff averred " that the same was taken from him, as he is informed and believes, by virtue of some kind of process or order from the United States district court for the state of Iowa, against the property of one Shackleford, but plaintiff avers that he is the owner of said property," etc. And, by an amended petition, plaintiff further avers that said defendant, at the time he seized the goods, was sheriff of Madison county, and pretended to have in his hands some kind of process against the goods of one Shackleford, and to have authority to serve said process, but, in truth and in fact, said defendant had no legal authority to serve said process. What kind of process it was plaintiff was not informed, but thinks it was issued

Roland v. Brock.

from the United States district court for Iowa ; that defendant, in trying to serve said process, unlawfully and wrongfully seized the property of plaintiff," etc.

The defendant demurred to the petition, because, *first,* it showed that plaintiff could not legally bring the action ; *second,* it shows that the property replevied was in the custody of the law, being under the control of the United States district court ; *third,* the property consists of several articles, and the value of each is not stated. This demurrer was overruled. Thereupon, defendant filed his answer, denying plaintiff's right to the property, alleging that it belonged to Shackleford ; that plaintiff's title was fraudulent ; that the property was seized under process in bankruptcy proceedings against Shackleford ; that the state district court had no jurisdiction, etc. There was a trial to the court and judgment for plaintiff. The defendant appeals. None of the evidence is in the transcript.

*Withrow & Wright* for the appellant.

*McPherson, Murray & Wainwright* for the appellee.

Cole, Ch. J. — I. By answering over, the defendant waived any error there might have been is overruling his demurrer to the petition. This point has been so frequently decided that no reference to cases is needed. But the appellant insists that his demurrer raises a jurisdictional question, and that, therefore, by pleading over he does not waive the error. If the court could not, under any circumstances, have jurisdiction over the subject-matter of the action, this would be true, because it would have no power to decide the case, and its error in overruling the demurrer would not clothe it with power or jurisdiction to decide it. This was so held by this court in *Smith* v. *Dubuque County,* 1 Iowa, 494, and in *Walters* v. *S. B. Mollie Dozier,* 24 id. 192.

But, in this case, the general jurisdiction of the court is not and cannot be questioned ; it is simply claimed that a certain fact is pleaded or exists, which, if true, would oust it of jurisdiction. Any alleged error of the court in deciding whether it is pleaded or exists, must be preserved and shown of record, like any other error.

II. Not having the evidence in the case before us, we cannot say that the judgment upon the merits was erroneous.

Affirmed.