Walker v. Kynett.

## WALKER v. KYNETT *et al.*

1. Demurrer: WAIVER: PRACTICE. The right to rely upon the erroneous overruling of a demurrer to a petition, is waived by answering over.

2. Action: EQUITABLE JURISDICTION. A person having the equitable title to land cannot recover in an action at law on the ground that the legal or paper title is based upon fraud. The legal title must first be attacked and declared void by an action in chancery.

3. Circuit court: EQUITABLE JURISDICTION. While the circuit court, under section 4, chapter 86, laws twelfth General Assembly, is invested with the same power as the district court to try and determine such equitable issues in an action as arise under or are presented by the answer, it has not jurisdiction in respect to matters of equitable cognizance, tendered by or presented in the petition, except in foreclosure cases.

4. Jurisdiction: WAIVER. Where the law does not confer jurisdiction of the subject-matter, neither consent nor any act of the parties can confer it.

5. Circuit court: CHANCERY JURISDICTION. The rule above stated, respecting the chancery powers of the circuit court, applies as well to cases arising on contracts for sales of land as to other cases.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, DECEMBER 6.

ACTION to recover the possession of certain lands. The original petition alleges that the title of the lands is in plaintiff, and that defendants unlawfully keep him out of

possession thereof, and have committed waste thereon. Judgment is asked for the possession of the lands, and for the damage sustained by plaintiff. The answer sets up that Rebecca Kynett, one of the defendants, is the owner in fee of the lands in controversy. An amended petition was filed, alleging plaintiff's ownership of the land, their purchase of them, and other matters not necessary to be stated. A demurrer to this amended petition was overruled, after which defendants answered thereto, denying its allegations. Another amended petition, subsequently filed, avers that defendant's claim to the land is founded upon a sale thereof by one Patterson to defendant Rebecca, made without consideration and with intent to defraud his creditors, which was known to defendants. This amended petition asks that the sale to Rebecca be declared void. The defendants answer, admitting that they claim title from Patterson, but deny that the conveyance from him was fraudulent and without consideration. Other pleadings were filed, but, as no question is raised upon them, a statement of their substance need not be made. Upon the issues thus raised the cause was tried without objection to the form of the proceedings on the part of defendants. A judgment for plaintiff was rendered declaring the deed to defendant Rebecca to be fraudulent and void, and the title of the lands to be in plaintiff. Defendants appeal.

*M. D.* and *H. O. Browning* for the appellants.

*T. W. Newman* and *T. J. Trulock* for the appellee.

BECK, J. — I. The defendant's counsel insist that the court erred in overruling the demurrer to the first amended petition. The grounds of this ruling we are not required to examine, as defendants, by their answer to the objectionable pleading, waived the error, if any, in fact, was committed.

1. DEMURRER: waiver: practice.

II. The judgment of the circuit court, it is claimed, is unauthorized and erroneous, because the relief claimed in the last amended petition, and granted by the judgment, is exclusively within the cognizance of a court of chancery, and cannot be given in a suit at law. The circuit court, it is insisted, not being clothed with such chancery jurisdiction as is competent to authorize the relief granted, its judgment cannot be supported. This position now demands our attention.

*2. ACTION: equitable jurisdiction.*

1. It cannot be claimed that, in an action at law, lands may be recovered against one holding the legal paper title, on the ground that his title is based upon fraud. One holding such a title may successfully plead it against the equitable claim of another, attempted to be enforced at law. In order to defeat a fraudulent title, it must be attacked in chancery, and in that forum declared void. These rules are based upon elementary principles. Sufficient legal assurances convey the legal title, upon which a recovery of the land conveyed may be had. If these assurances rest upon fraud they are voidable, not void, as against the attack of the party holding an adverse claim to the land. Such a party holding the equitable title, in order to recover, must cause the adverse legal title to be declared void.

2. The defendants in this case, as it is admitted in the pleadings, hold the legal title to the lands in controversy. Plaintiff claims, in his amended petition, the equitable title, upon which he seeks to recover the land. This he cannot do in an action at law. But as no objection was made in the court below to the form of the proceedings, that it was prosecuted as a law, rather than a chancery action, it may be admitted that, if the circuit court has such chancery jurisdiction as would authorize it to take cognizance of the case if prosecuted as a chancery action, the judgment must be sustained. Rev., §§ 2613–2617. On the other hand, if it be conceded that

*1. CIRCUIT COURT: equitable jurisdiction.*

the circuit court has no chancery jurisdiction that authorizes it to take cognizance of the case, if properly prosecuted, the judgment must be regarded as void. Upon this position there can rest no doubt. If the court has assumed to act in a case wherein it has no jurisdiction, its action is unauthorized and void.

3. We are thus brought to consider the question whether the circuit court is clothed with jurisdiction over the subject-matter of this action, and this will be found to be the controlling question in the case.

The law establishing the circuit court (acts 12th Gen. Ass. chap. 86, § 4) provides that " said court shall have jurisdiction, concurrent with the district court, in all civil actions at law and of foreclosures of mortgages, trust deeds and contracts for the sale of real estate, and to try and determine equitable issues arising in actions at law pending in this court and also in all actions of partition, or for the assignment of dower, all applications for the writ of *ad quod damnum*, and of all appeals in special proceedings for the assessment of damages on the establishment or location of highways, railroads and other public improvements, or the taking of private property for public use."

By this act the circuit court is not clothed with general chancery jurisdiction; the extent of its equity powers is limited to certain proceedings, expressly named, which are usually prosecuted in chancery courts. The case before us is not one of the proceedings named in the law. But it is empowered " to try and determine equitable issues arising in actions at law pending therein." This provision must be construed with reference to other prior statutes prescribing when and in what manner equitable issues may be pleaded and tried in law actions. Under Revision, section 2880, paragraph 6, the *defendant*, in a law action, may plead " as many causes of defense, set-off, counter claim, or cross-demand, whether legal or equitable, as he may have," and section 2617 directs that " when the action has been prop-

erly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue, which before the adoption of this Code was exclusively cognizable in equity, tried in the manner hereinafter prescribed in cases of equitable proceedings."

It is very plain that the equitable issues contemplated by these sections are those that arise upon equitable defenses to actions properly instituted at law, and not equitable issues improperly tendered by the plaintiff's petition in a law action. The position we here state may be made plain by an illustration. In an action upon an account, defendant pleads that the transactions upon which the account sued upon is based, grew out of a partnership existing between the defendant and plaintiff; that the account, in fact, shows the indebtedness of defendant to the firm and not to the plaintiff; that the firm is still existing and its business unsettled, and, thereupon, it is prayed that the partnership be dissolved, an account taken, the liabilities of the firm be paid and the surplus divided between the partners, plaintiff and defendant. Here is an equitable defense set up in an action at law, and, under the statutes above cited, the issues raised by the answer should be tried as equitable issues. *Hackett* v. *High*, 28 Iowa, 539. But suppose the plaintiff, in his petition, should aver the existence of the partnership, that it is unsettled, and that the account is a true statement of the indebtedness of defendant to plaintiff, growing out of the partnership business, and, as relief, should ask that the firm be dissolved, an account be taken, and judgment rendered against defendant for the amount found due him upon the settlement of the partnership. Here would be equitable issues tendered by the plaintiff in his petition. It cannot be claimed in such a case that the plaintiff could, by motion against defendant's objection, have the issues tried as in equity, and the relief prayed for allowed. All would unite in holding that the sections of the Revision above cited do not contemplate trial of equi-

table issues presented in that manner, but simply the trial of such equitable issues as are properly raised by the answer of the defendant. The jurisdiction of the circuit court, to try equitable issues presented by the petition of plaintiff, therefore, finds no support in the sections above cited. Its chancery jurisdiction is limited to certain kinds of actions, and to the trial of such issues as properly arise upon equitable defenses pleaded to actions at law. Any other construction would nullify section 4 of chapter 86, acts twelfth General Assembly, which limits the chancery jurisdiction of the circuit court. A plaintiff could, in his original or amended petition, under the view taken by plaintiff's counsel, state a case of purely equitable cognizance, seeking equitable relief, and thereby the circuit court would acquire jurisdiction of the subject-matter of the action. It cannot be admitted that jurisdiction can be so acquired and that the plain provisions of the statute may be, in this manner, defeated.

The circuit court not being clothed by the law with jurisdiction to determine the case, as presented by the petition and amended petition of plaintiff, the failure of defendant to urge that objection in the court below does not cure the invalidity of the judgment resulting from want of jurisdiction. When the law does not confer jurisdiction of the subject-matter of an action, neither consent nor any act of the parties will authorize a court to adjudicate thereon. *Chapman* v. *Morgan*, 2 G. Greene, 374; *Smith* v. *Dubuque Co.*, 1 Iowa, 492; *Dicks* v. *Hatch*, 10 id. 380. We are therefore required to regard the judgment appealed from as unauthorized and void.

IV. An argument of plaintiff based upon a construction of the language of section 4, chapter 86, acts twelfth General Assembly, demands our notice. The argument is, that, as the language of that section confers jurisdiction upon the circuit

courts over "contracts for the sale of real estate," and as the subject-matter of this action is a contract for the sale of lands, the court had jurisdiction in a chancery proceeding to annul the contract. The error of the argument is found in the improper construction and misapplication of the words of the statute just quoted.

In this State, contracts for the sale of lands may be enforced against the purchasers by a proceeding that is called a foreclosure, and the land is sold thereon as in case of the foreclosure of a mortgage. Rev., §§ 3671, 3672. Remembering these provisions the language of the section in question is unmistakable. It provides that the circuit courts shall have jurisdiction of the "foreclosure of mortgages, trust deeds and contracts for the sale of real estate;" thus clearly expressing, that the foreclosure of contracts, as provided for by the sections of the Revision just cited, may be had in these courts.

In our opinion the judgment of the circuit court cannot be sustained.

Reversed.

COLE, J. — Concurs in the result reached, but does not wish to be regarded as assenting to the statement of all the legal propositions or the reasoning used in the opinion.