The Iowa Northern Central Railway Co. v. Ritter *et al.*

1. **Jurisdiction:** CONSENT: WAIVER OF OBJECTIONS TO. An appeal from a judgment of a justice of the peace was taken to the district court before the act creating the circuit court went into operation. The appellee afterward filed the transcript in the circuit court and obtained judgment thereon against the defendant and his surety in the appeal bond. At the following term, defendant made application to set the judgment aside for reasons assigned, but made no objection to the jurisdiction. *Held*, that by appearing and failing to object to the jurisdiction of the circuit court, he was thereby estopped from urging it for the first time on appeal to the supreme court.

2. —— The jurisdiction, in this case, is not of such character that it cannot be conferred by consent.

*Appeal from Johnson Circuit Court.*

Friday, June 13.

On the 12th day of July, 1871, a transcript was filed in the office of the clerk of the Johnson county circuit court, from the docket of a justice of the peace, in which judgment was

rendered on the 22d day of July, 1868, in favor of plaintiff against the defendant, Benjamin Ritter, for $90. On the back of the transcript is the following indorsement: "Filed October 18, 1868. F. H. Lee, clerk." On the 12th of July, 1871, the plaintiff filed the transcript in the circuit court of Johnson county, and had the following indorsement made thereon: "Filed July 12th, 1871. J. C. Sinzer, clerk."

On the said 12th of July, 1871, judgment was entered in favor of the plaintiff against Ritter and his surety on the appeal bond.

On the 20th day of November, 1871, the defendant filed in the office of the clerk of said court an application to set aside the judgment.

In support of this application an affidavit was filed, stating in substance, that it was agreed between defendant and the attorney of plaintiff, that if defendant would not further prosecute his appeal, the plaintiff would take the full amount of the judgment in ties for the construction of the railroad, and that defendant has at all times been ready to deliver the ties along the line of said railroad most contiguous to the timber of plaintiff, and that plaintiff fraudulently, and in violation of said agreement, filed a transcript of said judgment in court, and had the same affirmed.

In opposition to this application the attorney of plaintiff filed his affidavit, stating in substance, that after defendant had perfected his appeal, he complained to affiant that he had not time to look after the claim, and would like to do something to get it fixed up; that he would be willing to give the company ties in payment of the claim; that affiant said he had no authority to make such arrangement, but that defendant would, of course, have the claim to pay, and that if he would agree to a judgment affirming the judgment below, affiant would lay the matter before the board of directors, and if they would consent, would get them to take ties in payment of the judgment, and that the defendant agreed to this proposition, which was reduced to writing and signed by defendant and affiant, which agreement was filed in the clerk's office for the purpose

of having judgment entered thereon, and that affiant has not seen the same since. That the case was appealed by defendant and was not sooner put into judgment, because by oversight, delays of court, convenience of counsel, etc., it was permitted to remain without disposition, but that the delay was not by reason of any such agreement as is set out by defendant.

The court overruled the motion for a new trial.

Defendant excepted, and now appeals.

*J. D. Templin & Son* for the appellants.

*Fairall, Boal & Jackson* for the appellee.

DAY, J.— I. Upon the fact stated in the motion that the judgment in the circuit court was obtained fraudulently and in violation of the agreement, there is conflict of evidence.

The court found that no such agreement as defendant sets up was entered into, and this finding is abundantly sustained by the evidence submitted. In this ruling there is no error.

II. Defendant urges that the circuit court had no jurisdiction of the appeal. A transcript of the justice was filed in the office of the clerk of the district court on the 18th day of October, 1868, prior to the taking effect of the act creating the circuit court, which went into operation January 1, 1869. It cannot be contended that the circuit court had not general jurisdiction over the subject of this controversy. It has exclusive jurisdiction of all appeals from justices of the peace. Laws 1868, ch. 86, § 5.

This appeal having been taken before the act creating the circuit court went into operation was properly pending in the district court, yet, there can be no question but that the parties might have appeared in the district court, and by consent have transferred the cause to the circuit court. See section 7 of the act aforesaid.

And if the cause had been transferred at the request of one party, and the other had voluntarily appeared and without any objection had submitted the cause to trial, he would

thereby have conferred jurisdiction and estopped himself from afterward questioning it, for the want of jurisdiction in this case is not of that character that consent cannot confer it. Now, in this case the question of jurisdiction is presented for the first time in this court.

The defendant made a motion for a new trial, on the ground of fraud and violation of an agreement upon the part of defendant, in procuring the judgment. It is not hinted that the court had no jurisdiction to entertain the original action, nor to determine the motion upon the grounds stated. By thus failing to present the question of jurisdiction, and calling upon the court to entertain a motion which it could do only upon the ground that its jurisdiction was conceded, the defendant has conferred jurisdiction and estopped himself from questioning it in this court.

Affirmed.