McMeans v. Cameron.

## McMeans v. Cameron.

1. **Jurisdiction**: ACTION ERRONEOUSLY ENTERTAINED: EFFECT OF APPEAL. Where a justice of the peace erroneously entertains an action, the subject-matter of which is beyond his jurisdiction, the Circuit Court will not acquire jurisdiction by an appeal, even though as an original proceeding the action might have been properly commenced in that court.

*Appeal from Jones Circuit Court.*

THURSDAY, DECEMBER 5, 1878.

THIS action was commenced before a justice of the peace in Jones county by attachment of property. The defendant

McMeans v. Cameron.

is a resident of Benton county.   He appeared and moved to dismiss the action because of such fact, which motion was overruled, and thereupon he filed an answer denying the allegations of the petition.   There was a trial, and the justice rendered judgment for the plaintiff, whereupon the defendant appealed to the Circuit Court, in which court the motion to dismiss, made before the justice, was renewed, and same sustained, and judgment rendered against plaintiff for costs.   He appeals.

*J. Q. Wing,* for appellant.

*Remley & Ercanbrack,* for appellee.

SEEVERS, J.—The ruling of the Circuit Court is in accord with *Gates v. Wagner,* 46 Iowa, 355, and *Hamilton v. Millhouse,* Id., 74, unless the filing of an answer before the justice makes a difference between those cases and the one at bar.   But it was held in *Boyer v. Moore,* 42 Iowa, 544, that "under the Code the justice of the peace lacks jurisdiction of the subject-matter in such case."   The rule is well established that consent never confers jurisdiction over the subject-matter of an action.

AFFIRMED.

ON REHEARING.

A rehearing is asked because all the points made by counsel for the appellant have not been determined in the foregoing opinion, and that a consideration thereof will demonstrate that we have reached an incorrect conclusion.   It was believed, when it was determined that the justice had no jurisdiction of the subject-matter of the action, that it necessarily followed the Circuit Court obtained none by the appeal.   This is said to be unsound because the statute provides that "an appeal brings up a cause for trial on the merits, and for no other purpose.   All errors, irregularities and illegalities are to be disregarded under such circumstances if the cause might have been prosecuted in the Circuit Court."   Code, § 3590.

The Circuit Court has jurisdiction of equitable actions. Now suppose a justice of the peace should entertain jurisdiction of a purely equitable cause of action, and should enter a decree requiring the defendant to specifically perform a contract for the conveyance of real estate, and he should appeal therefrom to the Circuit Court and therein move to dismiss the action because of such jurisdictional matter, could the Circuit Court overrule the motion and enter a valid decree? We think not. The "errors, irregularities and illegalities" mentioned in the statute mean something less than jurisdictional questions such as the present. We repeat again, jurisdiction of the subject-matter cannot be conferred by consent of parties, nor does a failure to raise it before the justice prevent the party from raising it in the appellate court. *Walters v. Steamboat Mollie Dozier*, 24 Iowa, 192; *Roland v. Brock*, 29 Iowa, 284.

The identical question now before us was determined in *Galley v. Tama County*, 40 Iowa, 49. See, also, *Chapman v. Morgan*, 2 G. Greene, 374; *Smiths v. Dubuque County*, 1 Iowa, 492; *Dicks v. Hatch*, 10 Iowa, 380; *Walker v. Kynett*, 32 Iowa, 524.

But again, this cause could not have been prosecuted in the Circuit Court of Jones county if it had been originally brought therein, if timely objection had been made, for the simple reason that such court did not have jurisdiction of the person of the defendant, because he was a resident of another county. It is true the statute provides that the only remedy is a change of forum. Nevertheless it is still clear the action could not have been originally prosecuted in such county.

The result is that the former opinion is

ADHERED TO.