ROGERS v. LOOP ET AL.

1. Jurisdiction: JUSTICE OF THE PEACE. Where a change of venue was taken from a justice of the peace, and it was thereupon stipulated that the justice to whom the cause was taken might try it in another township than his own, *held*, that he was not ousted of his jurisdiction by so trying it. ADAMS, J., *dissenting*.

*Appeal from Tama Circuit Court.*

SATURDAY, APRIL 26.

THIS action was commenced before a justice of the peace of Perry township, Tama county. At the return day all of the parties appeared before the justice. The plaintiff filed a motion for change of venue, which was granted. Thereupon the parties entered into a written stipulation of which the following is a copy:

"Whereas, a change of venue has this day been granted

by James Fowler, Esq., in the above entitled cause, now, it is hereby stipulated and agreed by the parties hereto that the transcript and papers in the cause shall be sent to G. Jaqua, a justice of the peace of Buckingham township, in said county, and we further agree that the said cause shall be tried at Traer, in Perry township, in said county, hereby waiving all irregularities in changing the place of trial out of the township of said justice, and that said cause shall be tried on the 19th day of November, 1875, at 10 o'clock A. M., or as soon thereafter as said justice can attend said trial."

The parties appeared before said Justice Jaqua, at Traer, in pursuance of said agreement, and the cause was then and there tried before said justice and a jury. The trial resulted in a verdict and judgment for the defendant. The plaintiff appealed to the Circuit Court, at the December Term, 1876, and at the May Term, 1877, of said court, the parties filed stipulations continuing the cause, and providing that the costs of said continuances should abide the result of the suit.

At the December Term, 1877, of said court, the defendants moved to dismiss the appeal, and, as grounds therefor, alleged that there was no judgment in the court below from which an appeal would lie; "that the trial of the cause in Perry township, by the justice of the peace of Buckingham township, and his failure to try said cause in his own township within the time allowed by law, operated as a discontinuance of the cause, and the cause cannot be reviewed by appeal."

The court sustained the motion, and rendered a judgment against the plaintiff for the costs of the appeal. Plaintiff appeals.

*Stivers & Leland,* for appellant.

*R. G. McIntire* and *Struble & Kinne,* for appellees.

ROTHROCK, J.—It is unquestionably correct that consent of

Rogers v. Loop.

the parties cannot confer jurisdiction over the subject-matter of an action where the law itself does not confer it. *Smith v. Dubuque Co.*, 1 Iowa, 492; *Dicks v. Hatch*, 10 Iowa, 380; *Walker v. Kynett*, 32 Iowa, 524.

1. JURISDIC-TION: justice of the peace.

For example, a justice of the peace cannot exercise jurisdiction by consent of the parties in a criminal prosecution when the penalty exceeds a fine of one hundred dollars, or thirty days' imprisonment. No such question, however, arises in this case. When the venue was changed to Jaqua, a justice of the peace in Buckingham township, he had jurisdiction of the subject-matter, because it was a cause of action which was within the jurisdiction of a justice of the peace. He had also jurisdiction of the parties, because the venue of the action was properly changed to him. The motion to change the venue was sustained, and thereupon the parties stipulated that the trial should take place at Traer, in Perry township.

Did this stipulation and the trial of the cause in pursuance thereof oust the jurisdiction of the justice? We think not. It may be admitted that the locus of the forum of a justice of the peace is the township of his residence, and the place of his residence or office within the township. But this is not a matter affecting or limiting his jurisdiction to try and determine actions. It is rather a provision directing the manner of the exercise of jurisdiction, and we know of no reason why the parties may not, for their own convenience and the convenience of the witnesses, or for any other cause which may move them thereto, stipulate that the trial may be had at some place other than the residence or office of the justice. If that place should be over the township line, we cannot see why the stipulation should be held illegal and the proceedings void. We have been cited to no authority holding doctrine contrary to these views, and certainly there is nothing in our statutes which precludes the adoption of the rule we here announce.

It is notorious that justices of the peace rarely have offices which are sufficient to accommodate the parties, jurors, witnesses and others, who attend trials before them, and by con-

sent of the parties they usually hold their trials at places other than where their dockets and papers are kept. Now, it seems to us, if in repairing to some other place for a trial, to accommodate the parties, it should happen that a trial was held in another township than that of the justice's residence, it would be most unreasonable to hold that all the proceedings were void. Especially would this be so where. as in the case at bar, the parties appeared and had a fair trial, and, upon appeal, consented to two continuances before attempting to repudiate their stipulation.

REVERSED.

ADAMS, J., *dissenting.*