J. C. SCHRADER, Appellee, v. MRS. DAVID HOOVER,
Appellant.

1. **Jurisdiction**: WAIVER. Where a court has jurisdiction of the subject-matter of an action, and no objection to the jurisdiction of the defendant is made until after the cause has once been tried, appealed to this court, and remanded for a new trial, it is then too late for the defendant to raise the objection that the court has no jurisdiction of her person, on the ground that she resides beyond the territorial jurisdiction of the court.

2. **Physicians**: ACTION FOR CONSULTATION FEE: INSTRUCTION. In an action by a physician to recover of a patient his fees for consultation with her regular physician, the court instructed the jury that the defendant was liable if her regular physician called the plaintiff in consultation, just as she would be if she had called him herself. *Held*, that the only allegation in the petition as to the calling of the plaintiff being that the services were rendered at the defendant's request, and there being no evidence that he rendered any services, or at anybody's request, except as it might be inferred from his visiting the defendant in company with her regular physician, the instruction was erroneous.

3. **New Trial**: VERDICT AGAINST EVIDENCE. Where the plaintiff was entitled to recover, if anything, a much larger sum than three dollars and a half, a verdict for that sum was properly set aside upon his motion, and a new trial granted.

*Appeal from Superior Court of Council Bluffs.—J. E. F.
McGEE, Judge.*

SATURDAY, FEBRUARY 4, 1893.

ACTION on account to recover one hundred dollars for medical services. Answer denying generally. Trial and verdict and judgment for the defendant, from which the plaintiff appealed. Upon the appeal the case was reversed and remanded. See 80 Iowa, 245. After *procedendo* was filed, the defendant withdrew her answer, and filed a motion to dismiss, for the reason that the court had no jurisdiction. This motion being

overruled, the defendant refiled her answer, and an amendment alleging want of jurisdiction, and offering to pay costs up to the filing of the amendment to the answer. The case was again tried to a jury, and a verdict for the plaintiff for three dollars and fifty cents, which, on the plaintiff's motion, was set aside, and a new trial granted. The defendant appeals.—*Reversed.*

*Fremont Benjamin*, for appellant.

*Flickinger Bros.*, for appellee.

GIVEN, J.—I. We first consider the question of jurisdiction. The grounds of the defendant's motion and answer to the jurisdiction is that the superior court had no jurisdiction of the defendant or of the subject-matter. It is alleged, as reason why that court had no jurisdiction of the defendant, that she resided east of the west line of range 40, in that part of Pottawattamie county within the jurisdiction of the district court held at Avoca. No reason is alleged, nor is it claimed, that the superior court did not have jurisdiction in actions on account for one hundred dollars. The contention is exclusively as to jurisdiction of the person. The defendant submitted to the jurisdiction without questioning it until the case was remanded for retrial. It has been uniformly held that, when the court has no jurisdiction of the subject-matter, jurisdiction can not be conferred by consent. *Dicks v. Hatch*, 10 Iowa, 380; *Walker v. Kynett*, 32 Iowa, 524; *Rogers v. Loop*, 51 Iowa, 41; *McMeans v. Cameron*, 51 Iowa, 691; *Cerro Gordo County v. Wright County*, 59 Iowa, 485; *Hynds v. Fay*, 70 Iowa, 433. It is also held that, where the court has jurisdiction of the subject-matter, it may acquire jurisdiction of the parties by consent. *Davidson v. Wheeler*, Morris (Iowa), 238; *O'Hagen v. O'Hagen*, 14 Iowa, 264; *Groves v. Richmond*, 56 Iowa, 69. The superior

1. JURISDICTION: waiver.

court having jurisdiction of the subject-matter, the defendant, having submitted herself to the jurisdiction of the court, can not be heard to thereafter deny that the court had jurisdiction as to her. *Iowa N. C. Railroad Co. v. Ritter*, 36 Iowa, 568; *Danforth v. Thompson*, 34 Iowa, 243; *Drake v. Achison*, 4 G. Greene, 297.

II. The defendant complains of the following instruction given by the court:

2. PHYSICIANS: action for consultation fee: instruction.

"2. If, under the evidence, you find that Dr. Darnell, who, as shown by the evidence, was in attendance upon defendant, while in attendance upon said defendant, and having her case in charge, called upon the plaintiff in this case for consultation as to said defendant, and that the plaintiff, at the request of the said attending physician, did visit said defendant, then you are instructed that said defendant would be liable to pay to said plaintiff the reasonable value of plaintiff's services rendered under such cause, just as though she had called plaintiff herself."

Whether this instruction correctly states the law or not we do not determine. There is nothing in the pleadings or proofs to warrant the giving of this instruction. The allegation of the plaintiff's petition is "that defendant is indebted to him on account for medical services at her request rendered." There is neither allegation nor proof that the plaintiff rendered services at the request of any other person, except as it may be inferred from the fact of his visiting the defendant in company with her attending physician. There is no evidence that he rendered services, except as it may be inferred from the visit. The defendant and two other witnesses are all that were called. The other two were as to the value of the services. She says that, on the day before the visit, Dr. Darnell and her husband were talking about getting another physician. Her husband wanted another doctor, so that he

might be satisfied that Dr. Darnell was doing all that he could, and Dr. Darnell said he would like to have another physician to show, her husband that he was doing what was right. That she said "there was no need of it, for I thought he was doing all that was required. * * * I never sent for Dr. Schrader. * * * I didn't know Dr. Schrader was coming until he came into the house." It certainly does not appear from this testimony that the plaintiff rendered services at the request of the defendant.

The defendant is the only witness called to prove the services. She testifies as follows: "Dr. Schrader said, 'Good morning,' and wanted to know how I felt, and if I was sick, and that is all I remember. He did not say he came to see me. He did not ask me about my disease. He told me I was sick, and felt pretty bad." On cross-examination she stated: "Dr. Schrader did not prescribe any medicine for me; did not tell me how I should do, or how I should be cared for. He did not do anything that led me to believe that he was performing services for me. He simply said, 'Good morning,' and asked how I felt, just as any other person might. He made no claim for pay." It seems to us that the plaintiff failed to show that he rendered services as claimed. Our opinion is that, in view of the state of the pleadings and proofs, the court erred in giving the second instruction.

III. The defendant assigns as error the sustaining of the plaintiff's motion for a new trial. The verdict was for three dollars and fifty cents. There was no evidence whatever to sustain such a verdict. If the plaintiff was entitled to recover at all, he was clearly entitled to recover a much larger sum. There was no error in sustaining the motion. For the error in giving the second instruction, the case must be REVERSED.

3. NEW trial: verdict against evidence.