*J. C. Hall*, for defendant.

———•◦•———

## KIMBLE *v.* RIGGIN.

Where, on an appeal to the district court from the judgment of a justice of the peace, it appeared that no judgment was entered by the justice on the verdict of the jury, *held*, that the district court had no jurisdiction of the cause; and that even the appearance of the parties in the supposed appeal in the district court, could not confer jurisdiction over the invalid proceedings of the justice.

*Error to Van Buren District Court.*

*Opinion by* GREENE, J.   This case was commenced before a justice of the peace, and a verdict found for the plaintiff. Upon this verdict no judgment was rendered by the justice. The case was taken to the district court by appeal, and the plaintiff there obtained judgment.

It is urged as an objection, that as there was no judgment rendered by the justice, there was nothing to appeal from; nothing over which the district court could exercise jurisdiction. The statute provides for an appeal from the judgment or decision of a justice. Without such judgment or decision, it is manifest that there is no ground for appeal, nothing to appeal from, and that the appellate court could exercise no jurisdiction. The case not having been taken to the district court from the decision of a justice, nor in any manner provided by law, that court could

not properly entertain the proceedings, nor enter judgment thereon. In such a case, even the appearance of the parties in the supposed appeal, could not confer jurisdiction over the invalid proceedings of the justice. The case would have been different, had the parties appeared originally in the district court, and by consent proceeded to trial; but as the appearance, trial and judgment were predicated upon an appeal unauthorized by law, we can but regard the proceedings as a nullity. But it is urged, that as the statute authorizes a trial *de novo* on an appeal, the difficulty as to jurisdiction, occasioned by a want of judgment in the inferior court, is removed. We are unable to see how this fact can confer jurisdiction. Though a trial *de novo* is awarded in the district court, that trial is of an appellate character. The powers of that court over the parties, and the subject matter, emanate exclusively from the appeal. The very rules of pleading, of evidence, and of practice, the same limitation of jurisdiction, follow the appeal from the inferior to the higher tribunal, and must regulate and govern the trial *de novo*.

There having been no foundation for the appeal, and hence a want of jurisdiction in the district court, the judgment in this case must be reversed.

Judgment reversed.

*Wright & Knapp*, for plaintiff in error.

*A. Hall*, for defendant.