OLIVER AMES *vs.* WILLIAM BOLAND, ET. AL.

There are but two modes by which a cause can be removed from a District Court to the Supreme Court, to wit: by Appeal and by Writ of Error.

In case of final judgment in the District Court, a party may elect which of the two modes he will pursue. If the grievance rests in an appealable order, the only remedy is by appeal.

The jurisdiction of the Supreme Court of this Territory is appellate only, except as provided by law.

There must be some decision, judgment, decree, or appealable order, in the Court below, before the Supreme Court can acquire any jurisdiction of a cause.

A reserved case brought to the Supreme Court by agreement of Counsel, upon which no judgment was rendered in the District Court, cannot be examined in the Supreme Court. Their judgment must be one of affirmance, or reversal, of the judgment below or a modification of a judgment.

A consent, stipulation or agreement of parties may waive error, but will not confer jurisdiction.

This cause came to the Supreme Court upon a statement of an agreed case, from the District Court of Ramsey County. It seems that Oliver Ames, the Plaintiff below, brought his action against the Defendants, to recover certain pine logs which, he alleged, were wrongfully detained by the Defendants.

The Answer denies the wrongful detention, but alleges that they had a lien upon the logs for services performed by them in cutting and rafting the same for one Jesse M. Ayers, a former owner of the raft. The Plaintiffs in their Reply put all the matters of defence in issue.

It appears further that the parties went to trial, and all the evidence offered at the trial is presented in the papers in the Supreme Court.

After the close of the evidence in the District Court, it was agreed by the Counsel for the parties respectively, that the Jury should, as a matter of form, return the verdict for the Plaintiff, " and if, upon the whole case, the Supreme Court " shall be of the opinion that the Plaintiff was entitled to the " verdict, judgment should be entered therein, in his favor. " If otherwise, such judgment or judgments shall be entered " for the Defendants, if any, as may in the opinion of the Court " be authorized by the law and facts of the case."

This agreement was signed by the Attorneys for the respective parties, and certified by the Judge as " a true statement " of the above case as reserved by me."

The Clerk of the District Court sends up the pleadings, evidence and this certified statement, and the same compose the record in the Supreme Court.

On motion, the cause was stricken from the Calender, upon the grounds stated in the opinion of the Court.

BRISBIN & BIGELOW, Counsel for Oliver Ames.

SANBORN & FRENCH, Counsel for Boland, et. al.

*By the Court*—CHATFIELD, J.   The record in this case shows that there is not in the case either an Appeal or Writ of Error.

Can this Court take cognizance of the case? Is it within the Jurisdiction of this Court?

Chapter 81 of the Revised Statutes provides for the removal of actions from the District Courts to the Supreme Court by a party aggrieved.  One mode is by Appeal.  Another mode is by Writ of Error.  In case of final judgment in the District Court, the aggrieved party may elect which of the two modes he will pursue.  In case the grievance rests in an appealable order, and not in a final judgment, the remedy of the party is by appeal only.

Art. 1 of Chap. 69 of the Revised Statutes, defines and limits the jurisdiction of this Court, and declares it to be appellate only, (except as otherwise provided by law,) and extends it " to all matters of appeal, error or complaint from the decis- " ions, judgments or decrees in all matters of law or equity, and " may also extend to all questions of law arising in any of the " District Courts," in the cases prescribed in the three subdivisions of Sec. 4 of said article.  The only cases within the exception contained in the said Section, and in which this Court can take or exercise any original jurisdiction, would seem to be the issuance of and proceedings upon writs of mandamus and prohibition.

There is not in this case any " decision, judgment or decree" upon which any " matter of appeal, error or complaint" can be alleged.  There has not been passed in the District Court any decision or judgment at all, nor is it so pretended by either party, nor has either party brought any Appeal or Writ of Error in the case.  Neither party knows what the ruling or decision of the District Court in the case would be, or whether or not he would be aggrieved by such ruling or decision.  For aught he knows it would be for and not against him.  The District Court not having made any decision, order or judgment in the case, there is no predicate for either an Appeal or Writ of Error.  There being no predicate for either, neither has been taken, and it follows as an inevitable consequence that there is here no *lis pendens*—nothing of which this Court can take cognizance, or upon which it can adjudicate.

This will appear the more palpable by reference to the Statute prescribing the judgments to be rendered in this Court upon appeals.  (*Sec.* 8 *of Chap.* 81 *of Rev. Stat.*, *p.* 414.)  The Supreme Court may, upon appeal, " reverse, affirm or modify

"the judgment or order appealed from in the respect men-
"tioned in the notice of appeal." This Court cannot reverse,
affirm or modify a judgment or order, unless there be one.

The only judgment that can be rendered in this Court upon
Writ of Error is that of affirmance or reversal of a final judg-
ment in the District Court. In the absence of such judgment
in the District Court, there cannot be any Writ of Error, or
any *lis pendens* in this Court upon a Writ of Error.

There being nothing in this case to which this Court can
apply its appellate jurisdiction, no judgment can be rendered
here in the case. Should this Court assume to render any
judgment in this case, it must first arrogate to itself an original
jurisdiction which it does not possess. The question which the
case presents is simply this: Is the Plaintiff, upon the state-
ment of facts contained in the case, entitled to judgment upon
the verdict in his favor?—a verdict and statement upon which
no determination has been had or judgment rendered. Such
judgment, whichever way it may be, must be an original
judgment—a judgment in the original action and to be ren-
dered by the exercise and application of an original jurisdic-
tion; such a jurisdiction as this Court does not possess. Such
judgment cannot be rendered in this Court, nor can this Court
render any such judgment in and for the District Court.

It is contended by the Defendants that Sec. 39 of Chap. 71,
Rev. Stat., as amended, is sufficient in its terms to give this
Court jurisdiction of this case, and confers upon this Court
authority to determine the questions of law arising on the
agreed state of facts and to render judgment accordingly. It
is very clear to my mind that no such jurisdiction or authority
is contained in, or to be derived from, that Section of the
Statutes. That Section applies only to the District Courts,
and is designed for the protection of parties litigant in those
Courts, and for a proper hearing of and advisement upon
the matters specified in the Section, in those Courts, and not
elsewhere.

It is also contended that the stipulation contained in the
statement of the case and signed by the Attorneys for the
respective parties, by which it is agreed, in substance, that
the Supreme Court shall determine what judgment shall be

rendered in the case, is sufficient to confer upon this Court jurisdiction and authority to determine the rights of the parties and render judgment. I do not think so. It is a familiar proposition that though the consent or agreement of parties litigant may waive error, it cannot confer jurisdiction. If the subject matter of the controversy be not within the jurisdiction of the Court, no agreement of the parties can bring it there. In this case the subject matter is still undetermined in the Court of original jurisdiction, and subject to the further necessary action of that Court to determine it, and so long as it thus remains, it is absolutely excluded from the jurisdiction of this Court.

Should this Court, or rather the members thereof, assume to pass upon the question raised and still pending in the case in the District Court, their action could only be advisory. While they might conclude what, in their judgment, ought to be done in the case, they would not possess any power to enforce their conclusion as judgment.. In the absence of such power, this Court cannot consistently with duty or propriety take any action upon the matters on which the rights of the respective parties in the case rest.

This case must be stricken from the Calendar of this Court.