## COOPER v. McKEE.

1. **Pleading:** MOTION TO STRIKE OUT. Error cannot be predicated upon the striking out of certain parts of an answer if the remaining portions tender an issue under which all of defendant's evidence is admissible, and in effect make the same denial as the parts stricken out.

2. **Contract:** TENDER: RAILROAD. Where a promissory note given to aid in the construction of a railroad provided that on the payment of the money the maker should receive certificates of stock therefor, it was *held* that the payee or indorsee must prove a tender of the stock certificates to entitle him to recover.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, OCTOBER 23.

ACTION upon a promissory note of which the following is a copy:

"For value received I promise to pay to the Grinnell & Montezuma Railroad Company, or bearer, the sum of three hundred dollars upon the completion of said railroad, and cars running thereon to the depot at Montezuma, Iowa, if done within one year from the 1st day of January, 1875, with interest at the rate of ten per cent per annum from maturity. This note to be due and payable when the cars run to the depot above named within the time above stipulated; and on such payment the G. & M. R. Co. agree to issue to the maker of this note a certificate of stock for each one hundred dollars mentioned in this note; but if said road be not completed within the time above named this note to be void, and, on demand, returned to the maker. Said road to be standard gauge.

"GEO. McKEE.

"*Montezuma, Iowa, May 17, 1875.*"

The cause was submitted to the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

*W. R. Lewis,* for appellant.

No appearance for appellee.

BECK, J.—I.   The petition alleges that the railroad, the construction of which is provided for in the instrument sued upon, was completed at the time and in the manner stipulated, and that the railroad company issued to defendant certificates for the stock provided for in the note, which it is ready to deliver to defendant upon payment of the note.

The answer of defendant admits the execution of the note, but denies generally all allegations of the petition not admitted. It alleges as a defense that the note was given to secure the construction and the equipping with rolling stock a continuous line of railroad connecting Montezuma and Grinnell, and that defendant's stock subscription contained such condition, and that this condition has not been performed, the railroad having been built from Montezuma to a point on the Central Railroad of Iowa, three miles from Grinnell.   These allegations, with other matters which need not be specified here, were stricken from the answer on the grounds that they tendered irrelevant and immaterial issues, and contradicted the terms of the instrument in suit.   The correctness of this ruling is assailed.   It first demands our attention.

II.   We think there was no prejudicial error in sustaining the motion to strike out part of the answer.   The plaintiff, in his petition, avers that the railroad contemplated in the note was completed.   This the part of the answer not reached by the motion to strike out sufficiently denies.   Here a complete issue upon the facts set up in the part of the answer stricken out is sufficiently formed, under which all of defendant's evidence was fully admissible and tended to show that the road as contemplated in the instrument sued on was not completed.   While the answer as it was originally drawn may not have been objectionable, no preju-

1. PLEADING : motion to strike out.

dice resulted to defendant on account of the order of the court. sustaining the motion.

III.   The pleadings put in issue the execution of the certificates of stock provided for by the contract, and plaintiff's readiness to deliver it to defendant.   To entitle plaintiff to recover he should have sustained the allegations of the petition on this point.   *Courtright v. Deeds,* 37 Iowa, 503.   No evidence, however, was offered by him in support of these averments of the petition.   He, therefore, did not make out a case entitling him to recover.

2. CONTRACT: tender: railroad.

IV.   It is insisted that the evidence fails to show that the road constructed from the Central Road to Montezuma was completed within the time prescribed by the contract.   This was a question of fact for the court below.   We think there is no such absence of evidence in support of the judgment upon the point as to authorize us to interfere.

V.   Certain rulings of the court upon the admission of evidence are assigned for error.   They are not discussed in the argument of plaintiff.   The errors assigned therein must, under frequent rulings of the court, be considered as waived.

The judgment of the court below, for the error pointed out, must be

REVERSED.