### HEDGE v. GIBSON.

1. **Change of Venue:** AFFIDAVIT: BY WHOM MADE. An application for a change of venue by a party, upon the ground of the alleged prejudice of the inhabitants of the county, must, if the party is a natural person, be verified by himself.

2. **Promissory Note:** FOR CORPORATE STOCK: TENDER OF CERTIFICATES. An instrument, delivered to the maker at the time he executed a subscription note for the stock of a corporation, provided that certificates of stock should be delivered upon the payment of the note. *Held:*
    1. That both instruments were admissible in evidence as parts of the same contract.
    2. That as plaintiff acquired the note after maturity he took it with all the infirmities which attached thereto.
    3. That no action could be maintained upon the note without a tender of the certificates of stock.

*Appeal from Washington Circuit Court.*

MONDAY, JUNE 12.

ACTION upon a promissory note made by the plaintiff on the 7th day of January, 1871, payable in three months thereafter to the Iowa Northern Central Railroad Company, or bearer. A jury was empaneled, and after the evidence was all introduced, the court instructed the jury to return a verdict for the defendant. Plaintiff appeals.

*Dewey & Templin* and *Kelley & Cooper*, for appellant.

*H. & W. Scofield, McJunkin & Henderson* and *J. F. Brown*, for appellee.

ROTHROCK, J.—I. On the day before the cause was tried an affidavit for a change of the venue of the action was sworn to

1. CHANGE of venue: affidavit: by whom made. and filed by one of the attorneys for the plaintiff. The ground of the application was the alleged prejudice of the inhabitants of Washington county against the plaintiff. The motion was overruled, it is said,

upon the ground that the affidavit therefor was not made by the plaintiff.

This ruling was correct. Section 2590 of the Code provides that when either party files such affidavit it must be "verified by himself." It is true that it was held in *Jones v. Chicago and Northwestern R. R. Co.*, 36 Iowa, 68, that an affidavit for a change of venue is sufficient, if made by an agent of the defendant whose duty it was to investigate the facts connected with all the claims against the company, who is conversant therewith. The ground of that decision was that the defendant being a corporation could make the affidavit only by one of its agents. No such reason exists in this case. The plaintiff was a natural person and a resident of Des Moines county.

II. There were several defenses pleaded to the note in suit. In the view we take of the case, one defense only need be noticed. It appears in evidence that at the time the note was executed there was delivered to the defendant an instrument in writing in these words:

2. PROMISSORY note: for corporate stock : tender of certificates.

"Iowa Northern Central Railroad Company; Organized May 15, 1866; Capital stock $3,000,000.

"$165.00          TREASURER'S OFFICE, WASHINGTON, IOWA,
                              "January 7, 1871.

"Received of Alexander Gibson, of Jackson township, Washington county, the sum of one hundred and sixty-five dollars, the same being the 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 installments of five (5) per cent in the shares of the capital stock in said company, subscribed by him. To receive certificates of stock when note is paid.          J. H. WILSON,
                              *"Local Treasurer of said company.*
"Shares $100 each."

The evidence shows that this instrument was executed at the same time the defendant signed the note and as part of the same transaction, and that no tender of the certificates of stock has at any time been made to the defendant. Some claim is made in argument that this paper was executed and

VOL. LVIII—42

delivered after the note was made, and that the two instruments are not in the nature of concurrent or joint acts, both forming but one transaction. But there is no warrant in the evidence for any such claim. All the testimony there is upon the subject shows that both instruments were made, signed and delivered as one transaction.

It has been held by this court that where a subscription is made to the stock of a corporation, and the articles of subscription provide that upon payment being made, certificates of stock shall be delivered to the subscriber; no action can be maintained to recover the total installments without a tender of the certificates of stock. *Courtright v. Deeds*, 37 Iowa, 507. That case was followed and approved in *Cooper v. McKee*, 49 Id., 286, where the defendant gave a promissory note in aid of building a railroad, in which it was provided that upon payment of the note the maker was to receive certificates of stock in the railroad company.

It is urged that a certificate of stock is not necessary to constitute a stockholder, and the fact that the defendant has received no certificate cannot be any defense. This would probably be correct in the absence of an express agreement that certificates of stock should be delivered. The defendant has the same right to stand upon his contract and insist that he shall have the evidence of his title to the stock, when he makes payment therefor, that a purchaser of real estate has to demand his deed, upon the payment of the purchase-money. There is no question of an innocent indorsee in this case. The plaintiff acquired the note several years after it became due and he stands in the shoes of the Iowa Northern Railroad Company so far as the defendant's liability is involved. And the argument that plaintiff represents a creditor of a defunct corporation, and has the right to compel the payment by stockholders of unpaid installments of stock, is all answered by the fact that plaintiff is seeking to recover upon the note in suit, and having taken it, after due, he must accept it with all its infirmities, and subject to all the defenses which attach thereto.

There can be no question that the two acts to be done by the parties are dependent upon each other. By the language of the instrument the defendant was "to receive certificates of stock when the note is paid." That means at the time the note is paid and not afterwards. See *Courtright v. Deeds, supra.*

That the two instruments, being connected together and parts of the same transaction, are admissible in evidence as parts of the same contract, see Parsons on Notes and Bills, Vol. 2, p. 534, *et seq.*

We think the court did not err in directing the jury to return a verdict for the defendant.

AFFIRMED.