EBERSOLE.& SON v. WARE.

1. **Justice's Court:** JURISDICTION: RESIDENT PARTNERSHIP AND NON-RESIDENT PARTNERS. A partnership may be sued before a justice of the peace of the county where it exists, and service upon a resident partner will give the justice jurisdiction of the partnership, and, upon such service, a judgment against the firm as such may be enforced against the partnership property, and that of such members as have appeared or been served with notice; but where an action is brought for the recovery of money against the members of a firm as individuals, the justice has no jurisdiction to render judgment against a member who resided and was served with notice in another county, except on a written contract for the payment of money in the township where the suit is brought.

2. **Appeal to the Supreme Court:** POINT NOT MADE BELOW NOR ARGUED ON APPEAL. Where the point involved in a question certified on appeal to the Supreme Court does not appear from the record to have been made in the court below, and is not argued on appeal, it will not be considered.

*Appeal from Calhoun Circuit Court.*

SATURDAY, OCTOBER 21.

THIS is an action upon a book account for $90. Suit was originally commenced before a justice of the peace against the appellant and one O'Connor. O'Connor accepted service of the original notice and made default, and judgment was rendered against him. The suit was commenced in Calhoun county, and the original notice was served on the appellant in Dubuque county. On the return day the appellant appeared before the justice of the peace, and moved that the action be dismissed as to him upon the ground that he was an actual resident of Dubuque county, and never had been a resident of Calhoun county, and the court therefore had no jurisdiction as against him. The motion was overruled, and appellant was held to be in default, and judgment was rendered against him. The cause was removed to the Circuit Court by writ of error, and the judgment of the justice was affirmed. Defendant appeals.

*Hurd & Daniels*, for appellant.

*M. D. O'Connell*, for appellee.

ROTHROCK, J.—The amount in controversy being less than $100, the Circuit Court has certified the following question upon which it is said it is desirable to have the opinion of this court.

I.   "Does the jurisdiction of a justice of the peace in and for Calhoun county, Iowa, embrace a suit for the recovery of money against a firm, and the individual members of said firm, when the firm had its permanent and only place of business in said Calhoun county, and one member of said firm was an actual resident of said Calhoun county, and the other member an actual resident of Dubuque county, Iowa, on a simple account for goods, wares and merchandize, alleged to have been sold to, and work and labor alleged to have been performed for, said firm, and said member of said firm so actually residing in Dubuque county, Iowa, was served with the original notice in said suit in said Dubuque county, and not in Calhoun county, and said member of said firm residing in Calhoun county having been served with the original notice in said Calhoun county, and said actual resident of Dubuque county appeared before the justice upon the return day, and filed a motion to dismiss the action as to him for want of jurisdiction, and showing his residence by affidavit; that is, has such justice jurisdiction in such case to render judgment against such actual resident of Dubuque county, Iowa?"

It is proper to say that the record made by the justice does not show that any judgment was demanded against a partnership, and no such judgment was rendered.   So far as appears from the record, the demand was a joint demand made against the two defendants to the action, and the judgment rendered was against them not as a partnership, but as individuals.   A partnership may be sued before a justice of the peace of the county where it exists, and service upon a resident partner will give the justice jurisdiction of the partnership, and upon such

service "a judgment against the firm as such may be enforced against the partnership property, and that of such members as have appeared or been served with notice. But a new action may be brought against the other member on the original cause of action." Code, § 2553.

But because a justice of the peace thus acquires jurisdiction of the partnership and of the members served, it does not follow that his jurisdiction extends over alleged partners who are non-residents of the county. If so, a person may be sued as a partner in any county of the State before a justice of the peace, and compelled to attend and submit to a trial as to whether or not he is a partner, as well as his general liability upon the claim made. And all this because it is charged that he is a member of a partnership over which the justice of the peace has jurisdiction.

Section 3507 of the Code fixes and defines the jurisdiction of justices of the peace as follows: "The jurisdiction of justices of the peace, when not specifically restricted, is co-extensive with their respective counties, but does not embrace suits for the recovery of money against actual residents of any other county, except as provided in section three thousand five hundred and thirteen of this chapter."

Section 3513 provides that, "On written contracts, stipulating for payment at a particular place, suit may be brought in the township where the payment was agreed to be made."

This is a suit for the recovery of money as against the defendant. He was made a party for no other purpose than to obtain a personal judgment against him on a money demand, and, as we understand section 3507 of the Code, the justice of the peace had no jurisdiction over him. See *Boyer v. Moore*, 42 Iowa, 544; *Hamilton v. Millhouse*, 46 Id., 74; *Gates v. Wagner*, Id., 355.

It can make no difference whether the non-resident be charged as a partner, or as a mere joint obligor, or in any other capacity. If the suit be for the recovery of money, the justice of the peace has no jurisdiction of him, and this, it seems to

us, cannot be made plainer than the very language of the statute makes it. No other construction can be given to the law as written therein.

II. Another question has been certified which involves the inquiry whether or not a writ of error was the proper remedy to test the question as to the jurisdiction of the justice of the peace. It does not appear from the record that any motion was made to dismiss the proceeding in the court below upon this ground, and, as appellee does not claim in argument in this court that the remedy should have been other or different, but argues the case upon its merits, we do not feel called upon to determine the question.

AFFIRMED.