LUCY R. PORTER, Appellant, v. JOHN W. WELSH, *et al.*

·Justices of the Peace: JURISDICTION: *Non-residents.* A justice of the peace has no jurisdiction of the subject-matter of claims for recovery of money against actual residents of another county than that in which the justice resides.

*Same.* Jurisdiction of the subject-matter of a controversy for the recovery of money against a resident of another county cannot be acquired by a justice of the peace by consent.

*Same.* Where a justice of the peace had no jurisdiction of the subject-matter by reason of the non-residence of the parties, an objection to the proceedings on that ground might be raised at any stage thereof.

*Same.* Where a defendant, a resident of another county, appeared in an action for money in a justice's court, made defense, and, after judgment rendered, without raising the question of jurisdiction, appealed to the district court, where she filed a plea to the jurisdiction, such appeal was not equivalent to the beginning of a new action in the district court, and did not cure the defect.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, MAY 21, 1902.

ACTION in equity to set aside and cancel a judgment rendered in the district court of Johnson county against the plaintiff at the suit of one Holdeman. Upon trial to the court the relief asked was denied, and plaintiff appeals.—*Reversed.*

*Henry E. Porter* for appellant.

*Samuel H. Fairall* for appellee.

WEAVER, J.—In February, 1899, Holdeman obtained judgment against the present plaintiff before a justice of the peace of Johnson county. Plaintiff appeared in such action, and made defense against Holdeman's claim, but raised no question as to the jurisdiction of the justice. She appealed from the judgment against her to the district court, and upon trial in that court asked leave to amend her answer, and plead that when sued before the justice of the peace she was a resident of Muscatine county, and that said justice had, therefore, no jurisdiction to entertain the suit. Leave to amend was denied, and, the trial proceeding, judgment was again rendered in Holdeman's favor. The present case is brought in equity to set aside the judgment thus obtained as being void for want of jurisdiction in the court to render the same. In view of the concession in appellee's argument that at the time appellant was sued before the justice of the peace she was in fact a nonresident of Johnson county, the majority of the court is of the opinion that appellant's contention is sound, and that she is entitled to the relief demanded. If we were at liberty to treat it as an original question in this state, we might reach a different conclusion, but the point raised by the appeal has already been authoritively passed upon, and we see no sufficient reason for refusing to adhere to these precedents. *McMeans v.*

*Cameron*, 51 Iowa, 691; *Ebersole v. Ware*, 59 Iowa, 663.

So far as jurisdiction of the person is concerned, objection thereto can always be waived, and a party going to trial without such objection cannot raise it thereafter. But where the court has no jurisdiction of the subject-matter of the controversy, consent will not confer it, and the right to raise the objection continues through every stage of the proceedings. *Cerro Gordo County v. Wright County*, 59 Iowa, 485; *Walters v. The Mollie Dozier*, 24 Iowa, 192; *Groves v. Richmond*, 53 Iowa, 570; *Burlington University v. Stewart's Ex'rs*, 12 Iowa, 442; *Orcutt v. Hanson*, 71 Iowa, 514

This court has held that a justice of the peace has no jurisdiction of the subject-matter of claims for the recovery of money against actual residents of any other county than the one in which such justice resides. Code, section 4476; *Boyer v. Moore*, 42 Iowa, 544; *McMeans v. Cameron*, *supra*. See, also, *Hamilton v. Millhouse*, 46 Iowa, 74; *Gates v. Wagner*, 46 Iowa, 355; *Heath v. Halfhill*, 106 Iowa, 131. It is strongly objected that this conclusion often works injustice, in that it enables a nonresident defendant to come into court, try his chances for a favorable judgment, and, when disappointed in the result, escape liability by denying the courts jurisdiction. Such objection is inseparable from the doctrine firmly established in this state that the jurisdiction of a court over the subject-matter of litigation may be questioned at any time, and that all judgments rendered without such jurisdiction are void. Such miscarriages of justice are very infrequent, however, where due care is exercised by the party in instituting suit.

It is further urged that an appeal to the district court, which is a court of general jurisdiction, is equivalent to an original action begun in that court by voluntary appearance of the parties. This doctrine finds some support in, *Danforth v. Thompson* 34 Iowa, 243, and

is also recognized by the courts of some other states.

But however reasonable this rule may seem to be, we cannot adopt it without overruling *McMeans v. Cameron*, and other cases herein cited, and as we have already said, we do not feel at liberty so to do. The law of the cases referred to is now well understood by the profession generally, and, so long as the statute remains unchanged, we are disposed to recognize the authority of these holdings.

The judgment of the district court is reversed, and cause remanded for decree in accordance with the views here expressed.—REVERSED.