FARMERS' MUTUAL TELEPHONE COMPANY v. J. M. HOWELL,
Appellant.

**Justices of the peace:** REMOVAL OF CAUSE BY AGREEMENT: JURISDIC-
TION. The district court will acquire jurisdiction to try and
determine a cause transfered from a justice by agreement prior
to judgment where the parties appear and by filing pleadings
join issue in the district court pursuant to the agreement to
transfer.

**Tender:** CORPORATE STOCK. The rule that a tender must be kept
good by having the money or property in court does not apply
to certificates of stock.

**Corporations:** DENIAL OF LEGAL EXISTENCE. A subscriber to stock
of a corporation which was then a going concern and the cor-
porate capacity of which he had opportunity to investigate
cannot plead or prove, in an action on the subscription, a lack
of legal incorporation.

Justices Deemer, Weaver and Bishop dissent to portions of
the opinion.

*Appeal from Johnson District Court.*— HON. O. A.
BYINGTON, Judge.

WEDNESDAY, OCTOBER 24, 1906.

SUIT on a stock subscription. Judgment for plaintiff,
from which the defendant appeals. *Affirmed.*

*Rauck & Bradley,* and *Edwin B. Wilson,* for appel-
lant.

*Wade, Dutcher & Davis* and *A. E. Maine,* for appellee.

SHERWIN, J.— This suit was originally brought in the
justice court of D. S. Barber of Johnson county, who had
jurisdiction of the subject-matter and of the defendant.
Two changes of venue were regularly taken, and the case

finally reached the court of G. R. Irish, a justice of the same county, who also had jurisdiction of the subject-matter and of the defendant. After it reached Justice Irish the parties stipulated as follows: " It is hereby agreed and stipulated by and between the parties above named that the above-entiled cause with the transcript therein shall be transferred to the district court of Johnson county, Iowa, for trial in said court as an original action. Plaintiffs herein agree to file their petition herein in the district court within ten days from September 12, 1904, and defendant agrees to plead thereto within five days after the same is filed." A transcript with the stipulation was then sent to the district court, where it was filed and the case docketed. On the 21st of September, following, the plaintiff filed its petition in the district court. On the next day the defendant appeared therein and filed a motion for a cost bond. Later, he filed a motion to strike, and for a more specific statement. On the 9th of December, 1904, he answered, putting in issue the main allegations of the petition. On the 19th day of December he amended his answer, and therein, for the first time, questioned the jurisdiction of the district court, alleging that the transfer to the district court without a judgment in justice court conferred no jurisdiction. After this appellant moved to dismiss for want of jurisdiction. The motion was overruled, and the case was tried to the court on the issues joined, resulting in judgment for the plaintiff.

The question of the jurisdiction of the district court confronts us at the very threshold of our consideration of this case. It is contended by the appellant that, as no judgment was entered in the justice court, the district court could not acquire jurisdiction of the case through any subsequent action of the parties or of the defendant. *Evans v. Phelps,* 77 Iowa, 526, is particularly relied upon as sustaining the appellant's contention. At the outset, it must be conceded that, under the rule announced in that case,

1. JUSTICES OF THE PEACE: removal of cause by agreement: jurisdiction.

parties to an action pending in justice court cannot confer jurisdiction on the district court by consenting to a transfer of the case to such court. In that case suit was commenced before a mayor and taken before a justice whereupon the parties agreed to transfer it to the district court for trial. When it reached the district court, however, the defendant moved to dismiss, on the ground that the transfer was not authorized by the statute, and hence conferred no jurisdiction on the district court. We sustained the contention saying:

The jurisdiction of our courts is prescribed by statute, and there is no provision made for the transfer of actions of this kind from a justice of the peace to the district court. On the contrary, the statute contemplates that a cause of this character once commenced before a justice of the peace shall proceed to a final determination, and the only provision made for transferring it to the district court is by appeal. As applied to the facts there presented for determination, it may be conceded that the decision is sound, for the only appearance there made by the defendant was for the express purpose of challenging the jurisdiction of the district court, and, of course, no waiver of irregularity in or manner of acquiring jurisdiction could be predicted on such special appearance. In the early case of *Kimble v. Riggin,* 2 G. Greene, 245, an appeal was taken from a verdict rendered in a justice court. There being no judgment, we held that the district court had no jurisdiction, and said further, in such case, even the appearance of the parties in the supposed appeal could not confer jurisdiction over the invalid proceedings of the justice. The case would have been different had the parties appeared originally in the district court, and by consent proceeded to trial, but, as the appearance, trial, and judgment were predicated upon an appeal unauthorized by law, we can but regard the proceedings as a nullity.

The gist of the holding in the Kimble case is that there could be no waiver of irregularity unless it clearly appeared to be the intent of the defendant; for, if the parties could

have conferred jurisdiction by appearing originally in the district court, it is difficult to find any valid reason why they may not do so at any time when the case is docketed there. It is, of course, a well-settled doctrine that consent can never confer jurisdiction of the subject-matter, and such only is the holding of the following cases cited by the appellant: *Dicks v. Hatch,* 10 Iowa, 380; *Walker v. Kynett et al.,* 32 Iowa, 524; *Easton v. Fleming et al.,* 51 Iowa, 305.

In *Baily v. Birkhofer,* 123 Iowa, 59, an action was commenced before a justice of the peace who had no jurisdiction of the subject-matter, and we held, following *Porter v. Welsh,* 117 Iowa, 144, and other like cases, that the district court could acquire no jurisdiction by an appeal from a judgment void for want of jurisdiction in the justice. The last two cases cited are in line with *McMeans v. Cameron,* 51 Iowa, 691; *Gates v. Wagner,* 46 Iowa, 355; *Hamilton v. Millhouse,* 46 Iowa, 74; *Boyer v. Moore,* 42 Iowa, 544; *Ebersole & Son v. Ware,* 59 Iowa, 663.

In our opinion, the instant case is clearly distinguishable from the above cases. Here, the justice of the peace and the district court had jurisdiction of the subject-matter; the case was docketed in the district court by consent; the plaintiff filed his original petition therein in pursuance of the agreement and the defendant appeared in said court, and submitted his person to the jurisdiction of the court by answer and other pleadings, which was not done in any of the cases cited and relied on by the appellant. If the plaintiff had filed its petition in the district court in the first instance, and the defendant had appeared thereto by answer on the merits, there can be no question as to the court's jurisdiction of his person; it having jurisdiction of both the subject-matter and of the person. In *Wilgus v. Gettings,* 19 Iowa, 82, the suit was commenced before a justice, and proceeded to trial and judgment. An appeal was taken to the district court, where the plaintiff moved for a continuance, which was granted. Later, he moved to dismiss,

because the appeal was not taken within the statutory time therefor; the motion was overruled, and we held correctly so, because the appearance of the plaintiff in the district court, and voluntarily submitting to its jurisdiction and obtaining a continuance of the cause, was a waiver of " any defect or irregularity in the statutory means of requiring such appearance, or obtaining jurisdiction of the person." Neither the stipulation, nor the filing of the motion and answer, attempted to confer jurisdiction of the subject-matter, for the court at all times possessed such jurisdiction. The acts amounted to nothing more than submitting the person to the court's jurisdiction, and there is abundant authority sustaining jurisdiction under such circumstances. *German Bank v. Am. Ins. Co.,* 83 Iowa, 491; *Schrader v. Hoover,* 87 Iowa, 654; *Groves v. Richmond,* 56 Iowa, 69; *Danforth v. Thompson,* 34 Iowa, 243. In the latter case a justice of the peace in Wisconsin failed to enter judgment on a verdict, but an appeal was taken as if a judgment had been entertained; both parties appeared and tried the case without objection that no appeal lay from the verdict of a jury. In an action on the transcript of such judgment, we held that the appearance of the parties, and their going to trial on the merits, gave the appellant court jurisdicition of their persons, and rendered its judgment valid; it appearing that it had jurisdiction of the subject matter.

In *Davidson v. Wheeler,* Morris, 238, this court held that, where a court has jurisdiction of the subject-matter, it may acquire jurisdiction of the parties by consent, and that a change of venue taken by consent of both parties conferred jurisdiction upon the court to which the change was taken, although such change was not authorized by law; the court being one having jurisdiction of the subject-matter. We reach the conclusion that the district court had jurisdiction, and that the motion to dismiss was rightly overruled.

The plaintiff sued on the following written agreement: " To the Sharon Farmers Mutual Telephone Company. We,

the undersigned, wishing to become stockholders of the said company, do hereby request the directors to build a line to our respecive houses and connect us on their switchboard at Sharon Center, for which we agree to pay thirty dollars each for stock in said company and do the work required by the company building the line and purchase our own telephone." In his answer, the defendant denied the corporate existence of the plaintiff, and, upon the trial, the plaintiff offered in evidence its articles of incorporation, the certificate of the secretary of state, certifying that it was a corporation organized under the laws of the State, and that it had filed its articles of incorporation in his office and the subscription paper sued on. These exhibits went in over the defendant's objection thereto, and the appellant now argues that they were erroneously admitted without evidence, showing that plaintiff was intended to be bound by, and described in, the subscription paper Exhibit C. We think the position not tenable because, in our judgment, there is sufficient evidence of the identity of the plaintiff as the corporation making the contract with the defendant.

The plaintiff tendered a certificate for the stock that the defendant had agreed to take, but such tender was not kept good by bringing the certificate into court. Ordinarily a tender must be kept good by having the money or property tendered in court, but this rule is held not to apply to certificates of corporation stock. 1 Cook on Corporations section 192, and cases cited. This holding is not in conflict with our former decisions in the following cases: *Cooper v. McKee,* 49 Iowa, 286; *Courtright v. Deeds,* 37 Iowa, 503, and cases following the same rule as to similar contracts. The evidence clearly shows that the contract was mutual, and that the plaintiff had fully performed its entire agreement so far as it was permitted to do by the appellant. *Colfax Hotel Co. v. Lyon,* 69 Iowa, 683.

2. Tender: corporate stocks.

The appellant further contends that the plaintiff was

not legally incorporated, that he may become liable for all of its debts, and that on account thereof there has been a failure of consideration for his promise. The plaintiff had been incorporated, and had been doing business for several years before the defendant became a subscriber for its stock. He had the right and opportunity to fully investigate its corporate existence and to determine for himself the liability incurred by becoming a stockholder therein. The law permits such corporations, and the plaintiff was a *de facto* corporation at least. The defendant cannot therefore, plead or prove a defective obganization for the purpose of defeating his subscription obligation. 1 Cook on Corporations sections 5, 183, 186; 2 Cook on Corporations section 637; *Chubb v. Upton,* 95 U. S. 667 (24 L. Ed. 523); *Bank Building Co. v. Pierce,* 92 Iowa, 668.

3. Corporations: denial of legal existence.

We think the judgment fully sustained by the evidence, and find no cause for a reversal of the case. *Affirmed.*

Deemer, J. (dissenting).— I am not fully satisfied with the majority opinion in any of its branches. Upon two propositions therein announced, I feel sure the majority is wrong; and, upon the other two, I have not fully satisfied myself, and do not care to make a definite pronouncement thereon without further argument and time for reflection.

The first division, I think, overrules many of our cases, and is founded upon a distinction which does not in fact exist. The case came into the district court by transfer from a justice's court upon a stipulation by the parties. It was not submitted nor brought into court under either chapter 13 or 14 of title 21 of the Code providing for arbitration, or for the submission of controversies without action or in action. A court's jurisdiction is primarily given by law, and cannot be conferred by consent or stipulation of parties. Now, we have expressly held that parties to an action pend-

ing in justice's court cannot confer jurisdiction upon the district court by consenting to a transfer of the case to such court. *Evans v. Phelps,* 77 Iowa, 526. The reason for this must be that the district court has no jurisdiction of the subject-matter thus brought before it; for it manifestly has jurisdiction of the parties who come before it pursuant to such an agreement. This has been the basis of all the holdings of this court on kindred questions. See *Kimble v. Riggin,* 2 Greene, 245; *Bailey v. Birkhofer,* 123 Iowa, 59; *Porter v. Welsh,* 117 Iowa, 144; *McMeans v. Cameron,* 51 Iowa, 691; *Gates v. Wagner,* 46 Iowa, 355; *Boyer v. Moore,* 42 Iowa, 544; *Ebersole v. Ware,* 59 Iowa, 663. A careful examination of these cases, particularly Porter v. Welsh, *supra,* will disclose that the reason for the holdings therein was lack of jurisdiction of the subject-matter. Of the cause of action and of the parties in each case there was general jurisdiction, as here; but no jurisdiction of the particular subject-matter then before the court. To get a case into the district court without action brought therein, it is absolutely essential that the statute permitting such procedure be followed. *Smiths v. Dubuque Co.,* 1 Iowa, 492; *Keeline v. Council Bluffs,* 62 Iowa, 450. There is no pretense that any of the necessary steps were taken in this case; and jurisdiction is held to have vested through the application of some rule equivalent to an estoppel. In my opinion, jurisdiction of the subject-matter cannot be conferred in this way. Parties cannot, without following the statute, walk into the district court, and say to the court: "We have a controversy which we wish you to settle." This is fundamental; and the rule obtains no matter if the court has jurisdiction of the general subject and of the parties. This is the rule, not only of this court, but the one generally prevailing in other jurisdictions. *Knox v. Beirne,* 4 Ark. 460; *Ames v. Boland,* 1 Minn. 365 (Gil. 268); *Bradly v. Sneath,* 6 Ohio, 496; *Ginn v. Rogers,* 9 Ill. 131; *Dicks v. Hatch,* 10 Iowa, 380; *Cottrell v. Thompson,* 15 N. J. Law, 344,

and cases cited in volume 1 Enc. Pl. & Prac. 389, and volume 12 Enc. Pl. & Prac. 125–128. Parties cannot, by agreement, present a case to a court in a manner not authorized by law. The majority agree that, if the court had no jurisdiction of the subject-matter, consent will not confer it. This being true, I feel sure that the district court had no jurisdiction of this case, and that the consent and appearance of the parties did not confer it. Moreover, we must, in my judgment, overrule all the many cases cited, and some others if the majority opinion is to prevail. I think we should do so squarely, if we are to change the rule, rather than attempt to distinguish where there is no difference. Much more might be said in support of my views; but the opinions I have cited are so closely in point that I need not do more than ask their careful consideration by those interested.

II. Appellant's contract was with " the Sharon Farmers' Mutual Telephone Company." The action is brought by " the Farmers Mutual Telephone Company," and without showing of assignment to that company of the contract, or of the right of action, it is allowed to recover upon the contract. To my mind this is impossible under the pleadings. If defendant is estopped, as the majority say, from denying his contract with " the Sharon Farmers' Mutual Telephone Company," plaintiff should also be held strictly to the terms of the contract, and to strict proof of its right to recover. The name is important here, for a corporation must contract and sue in its proper name; and without pleading and proof that the contract, although in the name of another was made for its benefit, or that it holds an assignment of the contract, it cannot recover. See *Bower v. State Bank,* 5 Ark. 234.

III. I do not like the rule estopping a subscriber from pleading, in an action brought by the corporation in its own behalf, and not for creditors, that the corporation is not legally organized; and that if defendant is held liable, he

must become subject to responsibility as a partner. . There is at least one respectable authority holding that he is not so estopped. See *Kansas City Co. v. Hunt*, 57 Mo. 126. Of course under well-settled rules he is estopped from saying that the corporation with which he made his written contract has no capacity to sue; but that is not the question here. Here, the subscriber had a right to believe, when he made his contract, that the corporation was duly and legally organized, in fact, that is one of the implied statements or warranties when he enters into his contract; and, if it is not so organized, a fraud has been perpetrated upon him. He never agreed to become a member of a partnership with its unlimited liability, or simply of a *de facto* concern; and he has, in my judgment, a right to rely upon the legal organization of the company. If it turns out that it is not legally organized, it seems to me he ought to be permitted to show that. Where rights of creditors intervene a much different question is presented. However, this is one of the questions which I am not clear about, and I make these statements to show that there is, at least, one other view from that taken by the majority upon this proposition. While I have not examined all the cases cited by the majority, those which I have examined are all cases where the rights of creditors are involved. This is clearly pointed out in the Missouri case cited.

IV. Upon the question of the tender of stock, I agree that the weight of authority seems to be with the majority opinion; but I am not able to fully harmonize our cases with that rule. See *Cooper v. McKee*, 49 Iowa, 288; *Hedge v. Gibson*, 58 Iowa, 658; *Nelson v. Wilson*, 75 Iowa, 713; *Courtright v. Deeds*, 37 Iowa, 503, and other like cases. This is not an action for a call, but for the entire purchase price of the stock; and it is held in many cases that delivery of the stock, and payment of the price therefor, are dependent conditions. *James v. Cincinnati R. R. Co.*, 2 Disn. (Ohio) 261; *Clark v. Continental Co.*, 57 Ind. 135.

Upon the last two propositions I am not prepared to hazard a decisive opinion at this time. What I have said upon them is simply to show that there is another side to the propositions discussed. The first two matters I have discussed dispose of the case, however, and, to my mind, clearly call for a reversal of the judgment.

BISHOP, J. (dissenting).— I fully agree in the conclusion reached in the first division of the majority opinion. Beyond that I share in the doubts expressed by DEEMER, J

WEAVER, J.— I concur in the dissent of DEEMER, J., upon the question of jurisdiction. Otherwise, I concur in the majority opinion.