HENRY BLADES v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**Pleadings:** SUBSTITUTION OF LOST PLEADINGS: EFFECT: WAIVER OF OBJECTION. Although jurisdiction of the subject matter of a suit can not be conferred by consent where it would not otherwise exist, yet, where complete jurisdiction has once 'been acquired the cause may be tried in any manner that the court and parties may agree upon; and where the pleadings were lost prior to a second trial of the action, it was competent for the parties to stipulate that the same were properly abstracted on appeal from the first judgment, and that the cause should proceed as if the original pleadings were physically before the court. And where such an agreement was made, as in this case, and the parties proceeded to a third trial because of a disagreement on the second trial of the action without further reference to the fact that the original pleadings were not before the court, they waived the objection and consented to the trial without the physical presence of the original pleadings; since the agreement was in effect a substitution of the pleadings for a future trial and until a verdict could be reached.

**Negligence:** CONFLICTING EVIDENCE: APPEAL: LAW OF THE CASE. Where the evidence of negligence on the part of operators of a street car resulting in injury to a passenger attempting to board the same is in substantial conflict, as in this case, the question becomes one for the jury; and where it was determined on appeal that the evidence was sufficient to show negligence, the decision became the law of the case on that question on a subsequent appeal.

**Street cars:** NEGLIGENT OPERATION: DUTY OF CONDUCTOR. Where the conductor of a street car has knowledge of the fact that the car was stopped to permit a passenger to enter, and while the passenger was attempting to enter through the partially opened gates the car was suddenly started, it became the duty of the conductor to signal the car to stop and to assist the passenger in opening the gates that he might enter without danger, failure to do which was negligence.

**Instructions:** DUTY. OF COURT. It is the duty of the court to intelligently instruct the jury as to the precise issue to be determined,

and where the instructions as a whole fairly do this the fact that they were not more specific is not reversible error.

**Same:** REFUSAL OF INSTRUCTION. Where an instruction as given is sufficient and clearly embodies the thought embraced in a requested instruction on the subject, refusal of the request is not erroneous.

**Same.** Where there was evidence that it was quite usual for the gates of the car in question, and other cars, to only partially open for the admission of passengers, as was the case in this action, a requested instruction that if the gates were not opened as they usually were for the admission of passengers, but remained partially closed, such opening would not be an invitation to board the car but a plain suggestion of an unusual condition was properly refused.

**Personal injury:** EXCESSIVE DAMAGES. In this action the plaintiff in attempting to board defendant's street car received an injury resulting in the loss of a foot. He was twenty-eight years old, and earning fifteen dollars a week at his trade. The injury did not totally disable him and a recovery of $12,500 is held excessive, and is reduced to $6,000.

*Appeal from Polk District Court.*—Hon. James A. Howe, Judge.

Tuesday, December 2, 1909.

Rehearing Denied, Wednesday, March 16, 1910.

Suit to recover damages for a personal injury. Verdict and judgment for plaintiff. The defendant appeals.—*Affirmed,* on condition that remittitur be filed.

*Guernsey, Parker & Miller,* for appellant.

*Thos. A. Cheshire,* for appellee.

Sherwin, J.—This case has been tried three times in the district court. On the first trial there was a judgment for the plaintiff, which was reversed on appeal,

(Iowa) 113 N. W. 922. On the second trial there was a disagreement, and on the last trial there was a verdict and judgment for the plaintiff for $12,500.

The pleadings were taken from the clerk's office between the first and second trials by the defendant's attorneys, and were lost. No substitution thereof was made before the last trial, but upon the second trial it was agreed that the issues were correctly stated in the appellant's abstract on the appeal from the former judgment, and that such statement should be taken as the evidence of the issues in lieu of the original pleadings. On the last trial the pleadings were still missing. Nothing was said about the matter, however, during the trial, but the trial proceeded on the issues made by the original pleadings, and the court took its statement of the issues to the jury from a carbon copy of the statement of the issues on the second trial. In its motion for a new trial the defendant raised the point that the trial court was without jurisdiction because of the absence of the original pleadings, and now urges the same proposition here. The appellant's claim is that, because the original pleadings were not physically before the court during the trial, the court was wholly without jurisdiction. The appellant admits that, if the court had jurisdiction, there was such a waiver on its part as to now preclude any claim for reversal because of the absence of the pleadings.

It must be conceded that the trial court had jurisdiction of the subject-matter and of the defendant when the first trial of the case was had. The issues had then been joined, and the pleadings were physically before the court, as was the defendant. The jurisdiction of the district court had therefore attached, and the cause of action was properly and legally within the power and cognizance of the court. And, where such is the case, there is abundant authority for the rule that the court may proceed upon the

1. PLEADINGS: substitution of lost pleadings: effect: waiver of objection.

consent of the parties with reference to the matters before it. Where complete jurisdiction has once been acquired, the cause may be heard in any way that the court and the parties may decide upon. It may be tried upon an agreed statement of facts, and we know of no valid reason why the parties may not agree upon the issues that are to be tried, as they in fact did upon the second trial, so long as such issues are within the power of the court to try. While it is a general rule that consent can not confer jurisdiction as to the subject-matter where it would not otherwise exist, we held in *Groves v. Richmond,* 56 Iowa, 69, that where the court has jurisdiction over the subject-matter, the parties may "waive the ordinary process, and voluntarily submit the question to the adjudication of the court. . . . There is no reason why the parties . . . may not submit the questions to be determined by a voluntary appearance and upon an agreed statement of facts." The same rule is followed in *Telephone Co. v. Howell,* 132 Iowa, 22; *Milner v. Ry. Co.,* 77 Iowa, 755. See, also, 11 Cyc. 675, and cases cited in note 53-58. The pleadings were lost before the second trial, and the parties then stipulated, in effect, that they had been properly abstracted on the appeal from the former judgment, and that the case should proceed as if the pleadings were in court. We have no doubt as to the jurisdiction of the court at that time, nor of its jurisdiction on the present trial, because the parties, having proceeded to trial with knowledge that the pleadings were lost, must be held to have waived the matter, and consented to a trial without their physical presence. Indeed there is reason for saying that the agreement on the second trial was, in effect, a substitution of the pleadings for the purpose of future trials. The second trial resulted in a disagreement, which was in effect no trial, and it may well be said that the agreement would continue until there was in fact a verdict one way or the other. Such a holding is in accord

with good faith and fair dealing and prejudices no one. See further on the subject of consent and waiver, *Schopp v. Taft,* 106 Iowa, 612; *Fenner v. Crips,* 109 Iowa, 455; *Gregory v. Bowlsby,* 126 Iowa, 588; 31 Cyc. 733, and note 78.

The evidence shows that the plaintiff was injured while attempting to board one of the defendant's cars. There is evidence tending to show that he signaled the car to stop for

2. NEGLIGENCE: conflicting evidence: appeal: law of the case.

him, and that it did stop; that the motorman partially opened the car gates while the car was standing still; that the plaintiff attempted to open the gates so that they would admit him to the car, and that while he was so engaged, the car was suddenly started, and as a result thereof he was thrown, dragged, and injured. The appellant says that the court erred in submitting to the jury the question whether the motorman was negligent in closing the gates of the car while the plaintiff was trying to effect an entrance to the car. It is said that, while the evidence shows that the gates were suddenly closed, there is no evidence tending to show that they had been opened for the purpose of permitting the plaintiff to enter the car, and that they were closed without a closing signal from the conductor. There is evidence tending to show that the car was stopped in response to the plaintiff's signal; that the gates were closed when it stopped; that they were immediately thereafter opened; and that they were closed and the car suddenly started without a signal from the conductor. It is true there is much evidence tending to show a different condition at the time, but we can not assume the functions of a jury and decide fact questions where there is a substantial conflict in the testimony. Moreover, the facts presented to the jury on the present trial were substantially the same as were presented on the first trial, and on appeal we held that there was sufficient evidence of negligence to take the case to the jury. That

is the law of the case on the same record. *Adams v. Ry. Co.*, 55 Iowa, 94; *Vogt v. Grinnell,* 133 Iowa, 363.

The petition charged that the conductor was negligent in failing to signal the motorman to stop the car after the conductor discovered the plaintiff's peril, and the court instructed on the matter. There was no error in so doing. The plaintiff testified that the conductor stood right at the gates while he was trying to open them, and when the car started with his arm fast between the gates. If it is true that the conductor was at the gates and witnessed the plaintiff's efforts to open them, he knew that the plaintiff was in peril or soon as the car started, and he should then have signaled the motorman to stop, which the evidence tends to show he did not do. Or, if the conductor knew that the car was stopped for the purpose of permitting the plaintiff to enter it, and that the gates were only partially opened, it was his duty to see that they were released, and opened so that the plaintiff could enter without danger, and if he failed in this respect, he was negligent.

3. STREET CARS: negligent operation: duty of conductor.

Complaint is made that the instructions given by the trial court were so vague and indefinite as to be of no aid to the jury whatever. It is the duty of the court to intelligently instruct the jury as to just what it is to decide, and to give the law applicable to the case under consideration. While the court might well have been more specific in its charge as to the defendant's negligence, we think the instructions as a whole fairly advised the jury of the matters it was to determine.

4. INSTRUCTIONS: duty of court.

Forty instructions were asked by the defendant and refused, and complaint is made because they were not given. The defendant asked that the jury be told that the mere shutting of the gates by the motorman was not negligence, and that whether it was negligence or not depended upon whether the motorman knew,

5. SAME: refusal of instructions.

or should have known, that closing the gates would put the plaintiff in peril. But the court did instruct that if the motorman closed the gates in obedience to a signal from the conductor to do so, and at such time he neither knew, or in the exercise of ordinary care should have known, that to so close the gates and start the car would involve danger to the plaintiff, then such act would not constitute negligence on the part of the motorman. The instruction given clearly embodied the thought of the requests, and was sufficient.

Another request made by the defendant was that the jury be told that, if the gates were not opened as they usually were for the admission of passengers, but were partially closed, so that their 6. SAME. edges were not over eight or ten inches apart, such opening of the gates would not be an invitation to get on the car, but a plain suggestion of an unusual condition. The instruction was rightly refused because there was evidence before the jury that it was quite usual for the gates on the car in question, and others like it, to open for the admission of passengers just as they did when the plaintiff attempted to enter. This evidence seems to have been undisputed, but in any event the request, if given, would have been a positive direction to the jury on a question that it had the right to determine for itself, namely, whether under all the circumstances there was then an invitation to the plaintiff to enter the car with the gates only partially open. The other requests need not be specifically noticed. Where correct, they were sufficiently covered by the instructions given.

A new trial was asked because of the alleged misconduct of one of the jurors. There was a showing that he declared his intention to find for the plaintiff, if accepted as a juror, regardless of the evidence. It is a sufficient answer to the appellant's claim on this point to say

that the record fails to show that the juror made any such statement as is charged to him, or that he was not an entirely fair and unprejudiced juror.

The appellant urges that the verdict and judgment are excessive, and this contention we think must be sustained. At the time of his injury the plaintiff was about

7. PERSONAL INJURY: excessive damages.

twenty-eight years old. Prior to his injury he was strong and healthy, able to work every day, and was earning $15 per week. He lost his left foot as a result of the accident, and has undoubtedly suffered much on account of his injury. Yet he was earning only $780 per year if he lost no time on account of sickness or other causes. The amount awarded him would yield over $750 per year at six percent, nearly as much as he was earning when able to work. He is not totally disabled by any means. He is a furniture upholsterer by trade, and it is quite likely that the loss of his foot will not greatly affect his earning capacity. Of course he has suffered pain, and will suffer great inconvenience in the future, and for all of this he should be well paid. On the first trial he was awarded a little more than $5,000 and we think a judgment of $6,000 now will fairly compensate him for his loss. If he shall elect to file a remittitur of all above such sum within thirty days after the filing of this opinion, the judgment for $6,000 will stand affirmed; otherwise the judgment will be reversed.

The appellee filed a motion to strike the appellant's reply argument because the same was not prepared in accordance with the rules of this court, and such motion was ordered submitted with the case. It must be conceded that the argument in question does not comply strictly with section fifty-five of the rules, and no substantial excuse has been offered for the neglect. But as it is a reply brief, and does not so flagrantly violate the rule as to merit the punishment of being stricken from the files,

we have concluded to overrule the motion, and this partly because of the conclusion we have reached in the case.— *Affirmed* on conditions.